## 49853. GEORGIA DEPARTMENT OF HUMAN RESOURCES v. HOLLAND.

STOLZ, Judge.

Annie D. Holland applied to the Georgia Department of Human Resources (department), through the Ben Hill County Department of Family and Children Services (county), for public assistance, contending permanent and total disability. The county denied her application. Mrs. Holland then asked for and received a de novo consideration of her claim of disability at a hearing held on April 17, 1973. At the conclusion of the testimony, on motion by Mrs. Holland's attorney, the hearing was adjourned and the record left open for additional evidence.

In his report the hearing officer made the following specific findings: "1. The disability as stated by the claimant is that she gets dizzy and cannot bend, stoop or lift, and that she wakes up during the night short of breath, and the doctor has told her that she has asthma. 2. The narrative type report under the date of 5/1/73 over the signature of Dr. Ahmad Shafik Mahayni, while making a finding of asthmatic attacks (which are frequent), peptic ulcer syndrome, nervousness and tachycardia should

be susceptible to control with proper medication and treatment, therefore, there are no clinical findings on which to base a finding of permanent and total disability. 3. Correspondence received 5/9/73 from Gary D. Smith, Caseworker I, shows that the claimant has not responded to their letter nor has she met with the VRD counselor. Therefore, it must be presumed that she has refused efforts to rehabilitate and treat her, and for this reason she is ineligible." The hearing officer then concluded that Mrs. Holland "is not entitled in every respect to a public assistance grant under Aid to the Disabled Program." The report of the hearing officer was adopted by the department on May 15, 1973, 28 days after the date of the hearing. Mrs. Holland appealed the department decision to the Superior Court of Ben Hill County, which reversed the department, from which judgment the department appeals.

1. The first question to be resolved is whether the department's decision was "clearly erroneous" as defined in Code Ann. § 3A-120 (h 5) (Ga. L. 1964, pp. 338, 354). A similar phrase and standard is applied to findings of fact by trial courts sitting without a jury. Code Ann. § 81A-152 (a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171). To our knowledge, "clearly erroneous" under § 3A-120 (h 5), has not been construed. However, the phrase as used in Code Ann. § 81A-152 (a) has been construed several times. Essentially all constructions compare the findings of fact to the verdict of a jury or findings of the State Board of Workmen's Compensation, and uniformly agree that they are binding on appeal unless wholly unsupported. See *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154); *Dept. of Transportation v. Livaditis,* 129 Ga. App. 358, 362 (199 SE2d 573). In *Pinkerton & Laws Co. v. Atlantis Realty Co.,* 128 Ga. App. 662, 665 (197 SE2d 749), "clearly erroneous" was stated to be the "any evidence rule," which has long been binding upon our Georgia appellate courts in appeals taken from nonjury, single-judge judgments. Consistency requires that the construction of "clearly erroneous" under Code Ann. § 3A-120 (h 5) be the same as under Code Ann. § 81A-152 (a). A resort to the record in this case reveals evidence substantiating the findings of fact and conclusions of law upon which the department's

decision is based. Moreover, the superior court's order reversing the department recites that "[t]he evidence in the record instead *leads this Court to the definite and firm conclusion* that the petitioner is permanently and totally disabled." (Emphasis supplied.) The superior court judge cannot substitute his judgment for that of the department as to the weight of the evidence on questions of fact. Code Ann. § 3A-120 (h).

2. It is urged that the department's decision on May 15, 1973, only 28 days after the hearing, was premature in view of the 30 days allowed for the submission of evidence. We would agree with appellee's counsel if it were shown that such precluded the tender of additional evidence. However, such is not the case. The error is harmless and does not require resubmission of the entire case to the department.

3. The record does not substantiate the appellee's claim that the hearing was left open for 30 days to permit the appellee to file additional medical evidence in support of her claim. The record shows the hearing "was adjourned for a period of thirty days, at which time this report will be concluded." During this period, either party would be authorized to submit evidence.

*Judgment reversed. Deen, P. J., and Marshall, J., concur.*

ARGUED NOVEMBER 7, 1974 — DECIDED DECEMBER 4, 1974 — REHEARING DENIED DECEMBER 19, 1974 —

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Don A. Langham, Timothy J. Sweeney, R. Douglas Lackey, Assistant Attorneys General,* for appellant.

*Jay, Garden & Sherrell, John Edward Smith, III,* for appellee.