## 52000. GEORGIA REAL ESTATE COMMISSION v. HOOKS.

QUILLIAN, Judge.

This is an appeal by the Georgia Real Estate

Commission from the decision of the Fulton County Superior Court which reversed the commission's findings that appellee's activities as salesman for Hooks Realty Company, violated Georgia law, and thereby revoked his license as a real estate salesman in the State of Georgia. *Held:*

The commission held a hearing on appellee's handling of a check from Mr. and Mrs. F. V. Lynn, purchasers of a home, in the amount of $6,148.60, made payable to the Hooks Realty Company by direction of appellee. They found the evidence established appellee's conduct violated the provisions of Code Ann. § 84-1418 (Ga. L. 1925, pp. 325, 332; 1929, pp. 316, 319; 1965, pp. 629, 638). Note: The amendments to this section of Ga. L. 1973 and 1974 are not applicable.

Upon appeal of the commission's findings to the Fulton County Superior Court, the judge found "[t]he record contains no evidence that the Lynns ever dealt with [appellee] as a real estate salesman. . . [and] there is no evidence to support the. . . Commission's sixth finding of fact insofar as it finds the check was tendered to [appellee] as salesman for Hooks Realty Company. . . [and] it is hereby ordered that the decision be reversed and that the license of [appellee] be reinstated."

The standard of review utilized by superior courts of hearings held under the Georgia Administrative Procedure Act (Code Ann. Chap. 3A-1 et seq. (Ga. L. 1964, pp. 338 et seq., as amended)) was clearly defined in *Ga. Dept. of Human Resources v. Holland,* 133 Ga. App. 616 (211 SE2d 635). Therein this court held that the findings of a state board are binding on appeal unless wholly unsupported. The "clearly erroneous" criterion of Code Ann. § 3A-120 (h) (5) (Ga. L. 1964, pp. 338, 354; 1975, pp. 404, 410)), for judicial review has been held to be the same as the "any evidence rule," which has long been binding on Georgia's appellate courts. *Pinkerton & Laws Co. v. Atlantis Realty Co.,* 128 Ga. App. 662, 665 (197 SE2d 749).

Although appellee was both a real estate salesman for Hooks Realty Company and president of the Sewanee Construction Company, Mr. Lynn was certain, clear and unequivocal that appellee directed him to make the check

out to the Hooks Realty Company, which is sufficient to show appellee was acting in his capacity as real estate agent for that company. The evidence presented at the hearing was sufficient, under the "any evidence rule," to support and authorize the findings of the real estate commission.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

SUBMITTED APRIL 12, 1976 — DECIDED
JUNE 14, 1976.

*Arthur K. Bolton, Attorney General, R. Douglas Lackey, Assistant Attorney General,* for appellant.
*Alexander McNair,* for appellee.