## 54086. HALL v. AULT et al.

MCMURRAY, Judge.

Appellant Hall was hired by the State Department of Offender Rehabilitation on or about March 1, 1974, and assigned to the correctional facility known as Gateway House, a transitional center for the rehabilitation of offenders back into society. On March 14, 1975, appellant was terminated from his job. Appellant requested a hearing before the State Personnel Board appealing his termination. At that hearing evidence on seven charges involving misconduct, negligence and insubordination was presented against him. The findings of fact and conclusions of law of the hearing officer upheld five of the seven charges and recommended that appellant's termination be upheld. The State Personnel Board adopted the hearing officer's findings of fact and conclusions of law, and denied the appeal. The appellant then sought a judicial review of the administrative decision in the Superior Court of Fulton County. That court struck down two of the five remaining charges and pretermitting the question of whether or not there was evidence to support all of the remaining charges found that there was sufficient evidence to support the charge that appellant was insubordinate in that after several

verbal warnings appellant had continued to violate the center's dress code. *Held:*

1. The trial court, in its order dated February 28, 1977, construed Code Ann. § 40-2207.1 (m)(4) (Ga. L. 1976, pp. 1547, 1550) as requiring the application of the "any evidence rule" in reviewing the decision of the State Personnel Board of August 20, 1975, although this legislation was not in existence at the time of the administrative appeal. It is noted that the language of Code Ann. § 40-2207.1(m)(4), supra, was exactly the same as that found in Georgia Laws 1975, pages 71, 76 as to the review of the board's findings on appeal to the superior court. Appellant contends that this construction was erroneous and that the court should have applied the rule of "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." This language is also the same as that found in Code Ann. § 3A-120 (h) (5) (Ga. L. 1964, pp. 338, 354). In *Ga. Dept. of Human Resources v. Holland,* 133 Ga. App. 616 (1) (211 SE2d 635), the exact language as contained above (Code Ann. § 3A-120 (h)(5), supra) was construed to be the same as the "any evidence rule," which has long been binding upon our appellate courts, citing a number of decisions.

2. Appellant contends that a memorandum regarding the dress code should be construed to be inclusive of all of the provisions of that code. However, there was some evidence that the dress code encompasses more than the provisions listed on the memorandum. Specifically, there was evidence that appellant had been informed by a written rule and by oral warning by his superiors that the wearing of blue jeans while on duty was a violation of the dress code. Although there is conflict in the evidence as to whether appellant believed the specific "pants" in question were prohibitive there was some evidence that appellant was informed that the "pants" in question were considered blue jeans and the finding that appellant was insubordinate by his wearing of those "pants" after repeated oral warnings by his superiors is not wholly unsupported. Therefore, the trial court was correct in affirming the decision of the State Personnel Board terminating appellant's employment. *Ga. Dept. of Human Resources v. Holland,* 133 Ga. App. 616, supra.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED MAY 24, 1977 — DECIDED JULY 14, 1977 —
REHEARING DENIED JULY 29, 1977 —

*Elizabeth Coleman-Stroup,* for appellant.
*Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellees.