## 32899. HALL v. AULT et al.

NICHOLS, Chief Justice.

Appellant was employed by the Department of Corrections as a security guard at a halfway house. The department prescribed a dress code for such employees which forbade the wearing of blue jeans on duty. Appellant was warned several times of violations of the dress code. After continued violations, he was discharged for insubordination. He appealed to the State Personnel Board and, after hearing, the board found in favor of the department. The Fulton Superior Court and the Court of Appeals affirmed the findings of the State Personnel Board using as the standard of review the "any evidence rule." Appellant contends the courts should have applied the "substantial evidence" test.

This court granted certiorari to review the question of what standard of review should be applied by a superior court in an appeal from an administrative decision of the State Personnel Board.

The standard of review to be applied by the courts is

set forth in Code Ann. § 40-2207.1 (m), which provides, inter alia: "The review shall be conducted by *the court* without a jury and *shall be confined to the record. The court shall not substitute its judgment for that of the board as to the weight of the evidence* on questions of fact. The court may affirm the decision or order of the board or remand the case for further proceedings. The court may reverse the decision or order of the board if substantial rights of the petitioner have been prejudiced because the board's findings, inferences, conclusions, decisions or orders are: . . . (4) *Clearly erroneous* in view of the reliable, probative and substantial evidence on the whole record . . ." (Emphasis supplied.)

The language of Code Ann. § 40-2207.1 (m) and Code Ann. § 3A-120 (h) is identical in all material particulars and the Court of Appeals has twice before construed the clearly erroneous standard of the Administrative Procedure Act to be the same as the "any evidence rule." *Ga. Dept. of Human Resources v. Holland,* 133 Ga. App. 616 (211 SE2d 635) (1974); *Ga. Real Estate Commission v. Hooks,* 139 Ga. App. 34 (227 SE2d 864) (1976).

This court in construing the "clearly erroneous" standard of the Civil Practice Act contained in Code Ann. § 81A-152 said: "Accordingly, assuming but not deciding that the findings of fact contended for by the appellants would have been authorized by the evidence presented on the trial, yet, where the facts found by the trial court were authorized by the evidence such findings will not be set aside." *Brook Forest Enterprises v. Paulding County,* 231 Ga. 695 (203 SE2d 860) (1974).

The statute giving appellant a right to judicial review states, in part: "The court *shall not* substitute its judgment for that of the board as to the weight of the evidence on the questions of fact." (Emphasis supplied.) Thus, the statute prevents a de novo determination of evidentiary questions leaving only a determination of whether the facts found by the board are supported by "any evidence."

The trial court did not err in confining its scope of review to the "any evidence" standard, and the judgment of the Court of Appeals is affirmed.

*Judgment affirmed. All the Justices concur, except*

*Hall, J., who dissents.*

ARGUED NOVEMBER 15, 1977 — DECIDED JANUARY 24, 1978.

*Elizabeth Coleman Stroup, Richard K. Greenstein, Steven Gottlieb,* for appellant.

*Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellees.

HALL, Justice, dissenting.

I dissent, because I do not believe that the phrase "[c]learly erroneous in view of the reliable, probative, and substantial evidence on the whole record," Code § 40-2207.1 (m) (4), is the equivalent of the "any evidence" test. The cases[1] in which the Court of Appeals held that the "any evidence" test is to be applied under the same language in the Administrative Procedure Act (Code § 3A-120), should be overruled.

The "clearly erroneous" standard first mentioned in the crucial phrase is not the same as the "any evidence" test. The United States Supreme Court has established the meaning of the "clearly erroneous" standard: "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U. S. 364, 395 (1948). This test provides a broader scope of review than the "substantial evidence" test used in reviewing agency decisions under the Federal Administrative Procedure Act. 5 USCA § 706 (2) (E). See Consolo v. Federal Maritime Commission, 383 U. S. 607, 619-620 (1966).

The "substantial evidence" test means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Consolidated Edison Co. v. National Labor Relations Board, 305 U. S. 197, 229 (1938), considering all of the evidence before the agency. Univer-

---

[1] Primarily *Ga. Dept. of Human Resources v. Holland,* 133 Ga. App. 616 (211 SE2d 635) (1974).

sal Camera Corp. v. National Labor Relations Board, 340 U. S. 474, 487-488 (1951). This is not the same as determining the weight of the evidence. Consolo v. Federal Maritime Commission, supra. Moreover, a comparison of the "substantial evidence" test and the "any evidence" test as used in Georgia cases makes it quite clear that the former provides a broader scope of review than the latter.

The issue is one of statutory construction. In using two terms of art ("clearly erroneous" and "substantial evidence") in one section the legislature created some ambiguity. But there is no indication that the legislature intended the section in question to be the equivalent of yet a third distinct test, the "any evidence" test. Cf. Field, The Georgia Uniform Administrative Procedure Act. 1 Ga. St. Bar J. 269, 297-298 (1965) (discussing the same language used in the APA). The Court of Appeals rendered useless, if not meaningless, the terms of art used by the legislature when that court redefined them to mean the "any evidence" test. No rule of statutory construction supports the conclusion of the Court of Appeals.

This statute unambiguously rejects the "any evidence" test in favor of a broader standard of review. Whatever ambiguity there is involves only the question of which of the stricter standards is to be applied. I believe that the "substantial evidence" test was intended in light of the similarities of our Act and its federal counterpart. The federal judiciary has repeatedly considered the precise meaning of "substantial evidence," and a suitable standard of review has evolved.

I would reverse the Court of Appeals.