## 56636. WALDRIP v. GEORGIA REAL ESTATE COMMISSION.

BANKE, Judge.

The appellant, Lee Waldrip, appeals the judgment of the superior court which affirmed the decision of the Georgia Real Estate Commission revoking his brokerage license.

1. The appellant contends that the commission's

hearing officer should not have permitted the commission to amend its notice of hearing at the conclusion of the hearing. One amendment changed the date of an audit from October 31 to October 30, and the other changed the designation of a rule of the Georgia Real Estate Commission which the appellant was charged with violating from Rule 520-1-.01 to Rule 520-1-.08.[1] The hearing officer held that under Code Ann. § 3A-114 (a) (2) (C) the appellant was entitled to formal notice of the precise rule which he was charged with having violated and that Rule 295-4-.04 of the Rules of Joint Secretary, State Examining Boards, required that he be given an additional seven days in which to file an answer to the amended notice.

The appellant interjected at this point and said, "I don't . . . see any use in amending anything. . . One date doesn't make that much difference to me. And I've stated my position in the other, so I don't see no [sic] use in having another hearing on it." The hearing officer then asked him whether he wished to waive his right to file a response, and the appellant replied, "Yes, sir. I waive it." The appellant having knowingly waived his right to additional time to answer the amended notice, the trial court did not err in allowing the amendments to be made at the close of the hearing. The fact that the appellant was not represented by counsel at the hearing does not require a different result inasmuch as the appellant had been informed of his right to have counsel present, had talked with his attorney, and had elected not to have him present at the hearing.

2. Rule 520-1-.08 requires a broker selling his own property to insert a clause disclosing his position as seller rather than as broker in the contract of sale. The evidence is undisputed that the appellant sold personally owned real estate without including such a clause in the sale contract. Thus, there is no merit in the appellant's contention that the court erred in affirming the

---

[1]The substance of the violation was correctly stated in the notice. It was only the number of the rule which was misstated.

commission's finding that he had violated Rule 520-1-.08. The appellant's signature on the contract as seller and evidence that he had made known his status as seller to the buyers supports the commission's finding that the appellant was *not* guilty of violating Code Ann. § 84-1421 (9) by acting in the dual capacity of agent and undisclosed principal; but it does not vitiate his violation of the provisions of Rule 520-1-.08.

3. Code Ann. § 84-1421 gives the Real Estate Commission authority to investigate the actions of a real estate broker and to revoke his license whenever he "has been found guilty of any unfair trade practices, including but not limited to, the following [28 specific acts]." The undisputed evidence introduced at the hearing established that the appellant had violated subsection 20 (failure to deliver a closing statement to the buyer) and subsection 4 (commingling the money or other property of his principals with his own) of Code Ann. § 84-1421. These infractions, together with the appellant's breach of Rule 520-1-.08 (see Division 2, supra) and testimony which showed injury resulting to the buyer because of his failure to receive a copy of the closing statement, authorized the commission's finding that the appellant had "demonstrated unworthiness or incompetency to act as a real estate broker . . . in such manner as to safeguard the interest of the public . . ." Code Ann. § 84-1421 (25). The commission's ruling being amply supported by the evidence, its revocation of the appellant's license is binding on appeal. See *Ga. Dept. of Human Resources v. Holland,* 133 Ga. App. 616 (1) (211 SE2d 635) (1974); *Flowers v. Ga. Real Estate Comm.,* 141 Ga. App. 105 (1) (232 SE2d 586) (1977); *Land v. Ga. Real Estate Comm.,* 142 Ga. App. 860 (237 SE2d 243) (1977).

4. The Real Estate Commission based its revocation of the appellant's license on multiple grounds, several of which would have independently authorized revocation. See Division 3, supra. Accordingly, it is not necessary for us to address the appellant's enumeration of error that the commission lacked statutory authority to revoke his license for a technical violation of Rule 520-1-.08.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 3, 1978 — DECIDED JANUARY 23, 1979 —
REHEARING DENIED FEBRUARY 13, 1979 — 

ON MOTION FOR REHEARING.

On motion for rehearing, the appellant contends that this court's recent panel decision in *Waugh v. Ga. Real Estate Comm.,* 148 Ga. App. 165 (250 SE2d 879) (1978) requires a reversal of the revocation of his broker's license by the Real Estate Commission. Stated correctly, the real issue in *Waugh* was whether the Commission could revoke an agent's license for a technical violation of Rule 520-1-.08 of the Georgia Real Estate Commission. As we held in Division 4 of our opinion, it is not necessary for us to address that issue in this case since revocation of the appellant's license was clearly authorized on the other grounds stated in the Commission's order. See Division 3.

*Motion for rehearing denied.*