## 57138. ROBERTS v. GEORGIA REAL ESTATE COMMISSION et al.

McMurray, Judge.

This case involves the denial of an application for real estate salesman's license by the Georgia Real Estate Commission.

On April 4, 1974, the commission had revoked the applicant's real estate broker's license. The superior court dismissed his appeal of the administrative agency's ruling because the appeal to the superior court was more than 30 days after the rendition of the adverse ruling. This court affirmed in *Roberts v. Ga. Real Estate Commission,* 136 Ga. App. 718 (222 SE2d 183).

Subsequently, the applicant filed this application for a real estate salesman's license which was denied by the commission in a final order dated October 14, 1977. Prior thereto the commission had denied the application in an order dated April 15, 1977. However, this order was appealed to Superior Court of Fulton County and same was remanded to the commission to hear additional evidence regarding appellant's honesty, trustworthiness, integrity and competency. The applicant had submitted 19 affidavits attesting to his character and competency. The commission's denial of the application states it reviewed "all testimony and other evidence . . . including the evidence submitted by the respondent at the September 15, 1977, meeting. . ." This order of October 14, 1977, was subsequently affirmed by the superior court in an order dated and filed July 14, 1978. The applicant appeals. *Held:*

1. While the first enumeration of error complains of the failure of the commission to file the record as required by Code Ann. § 3A-120 (Ga. L. 1964, pp. 338, 354; 1975, pp. 404, 410; 1977, p. 316; 1978, p. 1362, effective April 3, 1978), nevertheless it appears that the argument here was that these 19 affidavits attesting to the applicant's character resulted in a conclusive showing that his character was good for honesty and trustworthiness. The commission considered the entire record including the fact that his real estate broker's license had been revoked because the applicant had been responsible for the

perpetration of a fraud upon a mortgage company, that he was incompetent to act as a real estate broker, and that he had made substantial misrepresentations. It is quite apparent from the order dated October 14, 1977, the commission heard evidence in addition to that which had been presented at its hearing held on April 7, 1977, that is, "evidence submitted by the Respondent at the September 15, 1977, meeting of the commission." It then adopted and reaffirmed its earlier conclusions of law and findings of fact dated April 15, 1977.

2. The commission's findings are judicially reviewable if they are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. But if there is any evidence to support the findings of the commission neither the trial court nor this court is authorized to reverse the agency's findings of fact and conclusions of law. See *Flowers v. Ga. Real Estate Commission,* 141 Ga. App. 105 (232 SE2d 586); *Ga. Real Estate Commission v. Hooks,* 139 Ga. App. 34, 35 (227 SE2d 864); *Ga. Real Estate Commission v. Horne,* 141 Ga. App. 226 (233 SE2d 16); *Hall v. Ault,* 240 Ga. 585, 586 (242 SE2d 101).

3. The evidence before the board in its entirety included an early finding that the applicant had lost his broker's license upon a determination as to the facts therein which showed a violation of Code Ann. § 84-1410 (a) (Ga. L. 1973, pp. 100, 109; 1978, pp. 231, 232, effective March 2, 1978). The commission and the superior court were authorized to consider the entire record, including the 19 affidavits which had been submitted in support of the application for the Georgia Real Estate salesman's license. Upon consideration of appellant's enumerations of error we find no reversible error.

*Judgment affirmed. Deen, P. J., and Shulman, J., concur.*

ARGUED JANUARY 10, 1979 — DECIDED JANUARY 29, 1979.

*W. M. Mathews, Jr.,* for appellant.
*Arthur K. Bolton, Attorney General, Russell N. Sewell, Jr., Kirby G. Atkinson, Assistant Attorneys*

*General,* for appellees.