## 59423. DASH v. DEPARTMENT OF HUMAN RESOURCES et al.

BANKE, Judge.

The appellant was discharged from her employment with the Department of Human Resources as the result of a "reduction in force" plan which was administered in accordance with two State Personnel Board regulations giving preference to war veterans. (Regulations C.400 and D.500.) She appealed unsuccessfully to the State Personnel Board and then to the superior court, contending that these regulations were promulgated without constitutional or statutory authority. She then appealed to the Supreme Court, which transferred the case here. *Held:*

1. The contention that the State Personnel Board did not have the authority to issue the regulations was recently disposed of adversely to the appellant in *Brown v. State Merit System of Personnel Admn. of Ga.,* 245 Ga. 239 (2) (1980).

2. We must also reject the appellant's contention that a veteran's preference is unreasonable except when applied to hiring practices. In upholding a Massachusetts veteran's preference in hiring against a sex discrimination attack, the United States Supreme Court recently stated: "The veterans' hiring preference in Massachusetts, as in other jurisdictions, has traditionally been justified as a measure designed to reward veterans

for the sacrifice of military service, to ease the transition from military to civilian life, to encourage patriotic service, and to attract loyal and well-disciplined people to civil service occupations." *Personnel Administrator of Mass. v. Feeney,* — U. S. — (99 SC 2282, 60 LE2d 870, 879) (1979). All of these same justifications, except, perhaps, the second, apply equally to the reduction in force situation.

3. The appellant urges the reconsideration of *Hall v. Ault,* 240 Ga. 585 (242 SE2d 101) (1978), which held that the "any evidence" standard is to be used in reviewing State Personnel Board decisions. See Code Ann. § 40-2207.1 (m) (4). This court, of course, does not have the authority to overturn a Supreme Court decision.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED FEBRUARY 4, 1980 — DECIDED FEBRUARY 27, 1980.

*John R. Myer,* for appellant.
*Arthur K. Bolton, Attorney General, Wayne P. Yancey, Assistant Attorney General,* for appellees.