69806. DEPARTMENT OF HUMAN RESOURCES v. TURNER.
(330 SE2d 418)

McMURRAY, Presiding Judge.

Appellee Jewell Turner was dismissed from his position as a social worker at Central State Hospital. It was alleged that Turner

abused a patient by kicking him, dragging him, and making a derogatory remark about the patient in his presence. The hearing officer of the State Personnel Board determined that the preponderance of the evidence demonstrated that Turner committed the alleged offenses. Accordingly, he upheld the decision of the Department of Human Resources to discharge the appellee. The hearing officer's decision was affirmed by the personnel board. The superior court reversed the decision of the board and ordered that the Department of Human Resources reinstate appellee to his former employment with full back pay. In so ruling, the superior court determined that: "The record contains no reliable, probative and substantial evidence . . . [t]hat [appellee] moved a patient in an improper manner. That [appellee] in any way 'kicked' or struck or otherwise physically contacted a patient in a manner which would cause said patient pain, discomfort, embarrassment or injury. That [appellee] in any way touched said patient in an inappropriate manner. That [appellee] made a demeaning statement within the hearing of the patient or which was heard by said patient."

Following the superior court's ruling, the Department of Human Resources filed an application in this court for a discretionary appeal. We granted the department's application and this appeal followed. *Held*:

OCGA § 45-20-9 (m) provides that "[t]he court shall not substitute its judgment for that of the board as to the weight of the evidence on questions of fact . . . The court may reverse the decision or order of the board if substantial rights of the petitioner have been prejudiced because the board's findings, inferences, conclusions, decisions or orders are: . . . (4) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or (5) Arbitrary, capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

The clearly erroneous standard set forth in this Code section is the same as the "any evidence rule." *Hall v. Ault*, 240 Ga. 585 (242 SE2d 101) (1978). Thus, when reviewing a decision of the State Personnel Board, if there is any evidence to support the decision of the board, the decision should be affirmed. *Harris v. Dept. of Human Resources*, 149 Ga. App. 500 (254 SE2d 866) (1979).

A review of the record demonstrates the decision of the personnel board is supported by the evidence adduced at the hearing. Although the evidence is conflicting, there is positive testimony from several eyewitnesses that appellee dragged the patient approximately 40 feet, that he kicked the patient, and that he made a derogatory remark about the patient which the patient could have overheard. Since the findings of the personnel board are supported by "any evidence," the superior court erred in reversing the board's decision.

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED APRIL 3, 1985.

*Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, Patricia Downing, Senior Attorney*, for appellant.
*Carl W. Buice*, for appellee.