43485. GEORGIA STATE INDEMNIFICATION COMMISSION
v. LYONS et al.
(348 SE2d 642)

MARSHALL, Chief Justice.

The Georgia State Indemnification Commission denied the application for indemnification for the death of the applicants' father, a former guard at the Georgia State Prison at Reidsville, who died of acute pulmonary edema and cardiac arrest two days after being attacked and robbed by two inmates while on duty at the prison. The Court of Appeals, by a 5-4 vote, reversed the judgment of the Superior Court of Fulton County upholding the commission's decision. *Lyons v. Ga. State Indemnification Comm.*, 179 Ga. App. 86 (346 SE2d 828) (1986). We granted certiorari, and reverse.

The Court of Appeals' majority, in reversing, rejected the conclusion of the special master, the commission, and the superior court "that the evidence in this case does not give rise to a natural infer-

ence through human experience that the assault at the prison contributed to the decedent's heart attack" (p. 89), and held that, in their view, "the *only* rational inference which can be drawn from the evidence in this case is that the emotional stress suffered by the decedent as a result of the assault had not completely subsided and was a contributing factor in his death." Id. p. 90.

However, the rule is that, even if the findings of fact urged upon the reviewing court by the appellant are supported by the evidence presented at trial, if the facts found by the special master are supported by *some credible evidence*, the reviewing court cannot disturb those findings. *Dept. of Human Resources v. Montgomery*, 248 Ga. 465 (1) (284 SE2d 263) (1981); *Brook Forest Enterprises v. Paulding County*, 231 Ga. 695 (1) (203 SE2d 860) (1974). "The court shall not substitute its judgment for that of the board as to the weight of the evidence on questions of fact . . . The court may reverse the decision or order of the board if . . . the board's findings, inferences, conclusions, decisions, or orders are . . . (4) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . ." OCGA § 45-20-9 (m). This language "prevents a de novo determination of evidentiary questions leaving only a determination whether the facts found by the board are supported by 'any evidence.' " *Hall v. Ault*, 240 Ga. 585, 586 (242 SE2d 101) (1978). These principles apply in this administrative proceeding.

The special master's findings were based upon the testimony of the two doctors who actually saw the deceased. Although there may have been conflicting evidence and conflicting expert testimony, the Court of Appeals itself has recognized that "it is not our function to weigh such evidence or judge the credibility of competing expert witnesses." *North Fulton Community Hosp. v. State Health Planning &c. Agency*, 168 Ga. App. 801, 811 (310 SE2d 764) (1983).

We hold that the Court of Appeals' majority has substituted its judgment for that of the commission as to the weight of the evidence on questions of fact. Therefore, we reverse that judgment and remand the case to the Court of Appeals to be reviewed under the applicable standard of whether the facts found by the commission are supported by any credible evidence.

*Judgment reversed and case remanded. All the Justices concur, except Clarke, P. J., Smith and Gregory, JJ., who dissent.*

GREGORY, Justice, dissenting.

I dissented from the grant of certiorari in this case because I did not think it fit our test: "Rule 29. A review on certiorari is not a right. A petition for the writ will be granted only in cases of great concern, gravity and importance to the public. Rule 30. Subject to Rule 29 certiorari will not be granted: (1) To review the sufficiency of evi-

dence. . . ." Rules of the Supreme Court of the State of Georgia (effective July 1, 1984). The question here is simply a matter of construing the sufficiency of the evidence.

The majority opinion and the Court of Appeals' opinion did not disagree on the rule of law to be applied. The rule is courts are not to substitute their judgment regarding the weight of the evidence. That matter is to be left to the Board. But Judge Banke's opinion is not a weighing of the evidence. Instead, the evidence was examined very carefully and found to support but one inference: ". . . the emotional stress suffered by the decedent as a result of the assault had not completely subsided and was a contributing factor in his death." Thus, there was no evidence to support the finding of the Board. I agree with this view and therefore dissent.

I am authorized to state that Presiding Justice Clarke and Justice Smith join in this dissent.

DECIDED OCTOBER 8, 1986.

*Michael J. Bowers, Attorney General, H. Perry Michael, First Assistant Attorney General, William C. Joy, Senior Assistant Attorney General, Jeffrey C. Baxter, Assistant Attorney General,* for appellant.

*Bensonetta Tipton Lane,* for appellees.