## 71997. LYONS et al. v. STATE INDEMNIFICATION COMMISSION.

(352 SE2d 207)

BANKE, Chief Judge.

The appellants applied to the Georgia State Indemnification Commission pursuant to OCGA § 45-9-80 et seq. to be awarded indemnification for the death of their father, a former state prison guard who had died of heart failure two days after being beaten and robbed by two prison inmates. The commission denied the application based on a determination that the decedent's death was not attributable to the performance of his duties. That decision was upheld by the Superior Court of Fulton County, following which we granted a discretionary appeal and reversed, based on our determination that the *only* rational inference which could be drawn from the evidence was "that the emotional stress suffered by the decedent as the result of the assault had not completely subsided and was a contributing factor in his death." *Lyons v. Ga. State Indemnification Comm.*, 179 Ga. App. 86, 90 (346 SE2d 828) (1986).

The Supreme Court reversed our decision on certiorari, holding that we had improperly substituted our judgment for that of the board and citing this court's own acknowledgment in a prior case that " 'it is not our function to weigh [the] evidence or judge the credibility of competing expert witnesses.' " *Ga. State Indemnification Comm. v. Lyons*, 256 Ga. 311 (348 SE2d 642) (1986), citing *North Fulton Community Hosp. v. State Health Planning &c. Agency*, 168 Ga. App. 801, 811 (310 SE2d 764) (1983). The Supreme Court did not merely reverse, however, but remanded the case back to us with instructions to review it again "under the applicable standard of whether the facts found by the commission are supported by any credible evidence." Id. The Court did not venture to suggest how we might go about ascertaining what evidence is "credible" without engaging in credibility determinations. However, that is not the only problem we have with the Supreme Court's decision.

In the previous appearance of this case, a majority of the judges of this court concluded that there was no evidence, credible or otherwise, to support the commission's decision. In the majority's view, the expert testimony and the circumstances surrounding the decedent's death were consistent with but one rational inference — that the decedent had not fully recovered from the emotional stress generated by the assault and that such emotional stress was a contributing factor in his death. Although some of the expert testimony in the case appeared, on its face, to contradict this view, we concluded that, upon close examination, such testimony merely stood for the proposition that the decedent had suffered no *physical* injury during the attack which could be considered a contributing factor in his death. See *Ly-*

*ons, supra,* 179 Ga. App. at 90.

On remand, a majority of this court has again reached the same conclusion. However, since the Supreme Court has evidently concluded that there *is* evidentiary support for the commission's decision, we are faced with a delimma — whether to enter judgment based on our own determination of the sufficiency of the evidence, as the Supreme Court appears to have directed us to do, or to enter judgment based on the Supreme Court's evident pronouncement on that issue. In order to implement in the most expeditious manner possible what we perceive to be the stronger of the Supreme Court's apparently inconsistent mandates in the case, we adopt the latter course and now affirm the judgment of the trial court upholding the decision of the commission.

*Judgment affirmed. McMurray, P. J., Birdsong, P. J., Carley, Sognier, Pope, Benham, and Beasley, JJ., concur. Deen, P. J., concurs in judgment only.*

DECIDED DECEMBER 4, 1986 —
REHEARING DENIED DECEMBER 19, 1986 —

*Bensonetta T. Lane,* for appellants.

*Michael J. Bowers, Attorney General, H. Perry Michael, First Assistant Attorney General, William C. Joy, Senior Assistant Attorney General, Jeffrey C. Baxter, Assistant Attorney General,* for appellee.