45898. LAFAVE et al. v. CITY OF ATLANTA.
(373 SE2d 212)

CLARKE, Presiding Justice.

The Paideia School, a private elementary and secondary school, is constructing a gymnasium and theatre complex which under the Atlanta City Ordinance would normally require the construction of many parking places. The school applied for and received a special exception from the Board of Zoning Adjustment (BZA) to reduce the requirements for available parking incidental to construction of the new buildings. The Druid Hills Civic Association and the owners of the property adjacent to the school appealed to the Fulton County Superior Court which affirmed the BZA's decision. We affirm the decision of the superior court.

1. Appellants first contend the BZA's power to decide special exceptions is in contravention of Art. IX, Sec. II, Par. IV of the Georgia Constitution, the prohibition against delegation of discretion by a governing authority to an administrative zoning agency. Appellants' challenge to the delegation of authority to the BZA was not raised

before the BZA; therefore, appellants may not complain of it on appeal. A constitutional challenge in a zoning context cannot be raised for the first time in superior court. *DeKalb County v. Post Properties, Inc.*, 245 Ga. 214 (263 SE2d 905) (1980).

Furthermore, appellants' challenge fails, because the BZA's discretion is tightly controlled by the ordinance. *Button Gwinnett Landfill v. Gwinnett County*, 256 Ga. 818 (353 SE2d 328) (1987). The ordinance dictates whether or not the BZA may grant the special exception. If the property complies with the conditions set out by the governing authority, the special exception will be granted, but if it does not comply, the special exception will not be granted.

2. Appellants next contend that the standards upon which the BZA must decide special exceptions are inherently vague and ambiguous, thus depriving appellants of due process of law. To guard against abuse brought on by unlimited discretion, the legislature prescribes certain guidelines by which the BZA must make its assessments. The BZA has a laundry list of items which it must consider before it grants a special exception. The record shows that the BZA went through this list and required Paideia to implement certain changes before the special exception could be granted.

3. Appellants also contend that their right of due process was violated by allegedly not having meaningful participation in the BZA hearing. The record shows that appellants had an attorney present, and many of the appellants testified at the hearing. We find no violation of appellants' rights.

The Georgia Administrative Procedures Act, § 50-13-13 et seq., does not apply to proceedings of a BZA, because that act applies only to state agencies, and the BZA is a creature of local law. The city of Atlanta gives the BZA authority to compel witnesses, take depositions, take sworn testimony, and allow documentary evidence. The BZA's regulations adequately provide for a fair and meaningful public hearing. The regulations were followed in this case. Appellants had notice and hearing, and this survives appellants' due process attack.

4. Appellants argue the trial court erred in denying them discovery and the opportunity to present evidence at trial. The superior court is not the proper forum in which to present evidence and conduct discovery, since the facts of the action are determined at the hearing. The superior court is authorized in a special exception context to determine whether the board acted within its scope of authority or arbitrarily and capriciously, or abused its discretion. *Bentley v. Chastain*, 242 Ga. 348 (249 SE2d 38) (1978). Therefore, no new evidence will be permitted at this stage.

5. The evidence is sufficient to support the grant of the special exception by the BZA.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 2, 1988.

*Kathryn M. Zickert,* for appellants.
*Peter M. Degnan, Walter G. Elliott, Robert L. Zoeckler, Marva Jones Brooks, David O. Blum,* for appellee.