S90A1675. EMORY UNIVERSITY v. LEVITAS et al.
S90A1676. DeKALB COUNTY, GEORGIA v. LEVITAS et al.
(401 SE2d 691)

BELL, Justice.

These appeals stem from our grant of applications to appeal filed by Emory University (hereafter Emory) and DeKalb County (hereafter DeKalb). Emory and DeKalb contend, inter alia, that the superior court, in reviewing the grant of a variance to Emory by the DeKalb County Board of Commissioners (hereafter BOC), erred in using a substantial-evidence standard of review; that the superior court erred in concluding Emory did not present sufficient evidence to the BOC to warrant the grant of the variance; that the superior court erred in ruling the hearing held on Emory's application for a variance violated procedural due process; and that the superior court erred in holding two of the appellees had standing to challenge the grant of the variance.

We conclude that the superior court erred in using the substantial-evidence standard of review. Moreover, we conclude that Emory presented sufficient evidence to the BOC to warrant the grant of the variance, and that the appellees waived their right to raise the procedural-due-process issue in superior court by failing to raise the issue before the BOC. Finally, we pretermit a decision regarding whether the superior court erred in ruling that two of the appellees had standing, as the other three appellees had standing to challenge the grant of the variance.

Emory applied to the BOC for a variance, to permit Emory to build an 18-story hotel and conference center on a six-acre parcel

---

zoned for a maximum building height of five stories. Emory requested the height variance to reduce the area necessary for the proposed complex, which in turn prevented encroachment by the complex into a bordering 22-acre, rare first-growth forest, also owned by Emory. Emory conditioned its application on its promise to create a botanical preserve of the first-growth forest.

Emory applied to the BOC instead of to the Board of Appeals (BOA), the DeKalb administrative body that hears most variance requests, because § 11-2323 (3) of Article H of the DeKalb County Code provides that the BOC shall determine all height variances. Section 11-2323 (3) also provides that variances may be granted

> where by reason of exceptional narrowness, shallowness, or shape of a specific piece of property, . . . or where, by reason of exceptional topographic conditions or other extraordinary or exceptional conditions of a piece of property, the strict application of the development requirements of this chapter would result in practical difficulties to, or undue hardship upon, the owner of the property. . . .

Emory's request for a variance was originally scheduled for a public hearing on July 11, 1989, but the hearing was postponed until August 8 to permit further negotiation between Emory and neighborhood groups. The parties had notice of the August 8 hearing. The appellees, represented by an attorney, were present at the hearing. At the hearing, a spokesman for Emory stated that a conference center of the proposed size was needed to satisfy Emory's academic needs, including Emory's hosting of the International Symposium on Cancer and Nutrition, for which Emory needs to house 500 scientists and clinicians. Moreover, the spokesman stated that the existence of the first-growth forest presented an extraordinary or exceptional development condition, and that the loss of this forest by requiring a lower-rise complex than that proposed would work an unnecessary hardship on Emory and DeKalb County. After the hearing, the BOC granted the variance.

The appellees subsequently filed suit in superior court challenging the grant of the variance. The appellees contended they were denied procedural due process because the BOC had not adopted rules and regulations to govern variance hearings before it, as, the appellees contended, was required by § 11-2324 of the DeKalb County Code. The appellees also contended that Emory had not satisfied the requirements of § 11-2323 (3) for obtaining a variance, in that Emory had not shown that "practical difficulties" or "undue hardship" necessitated the variance.

Emory and DeKalb attacked the standing of two of the appellees,

Levitas and Fleming, on the ground they held no legal interest in the neighboring property, having transferred all interest in their property to their wives.

Moreover, DeKalb contended that the procedural requirements of § 11-2324 applied only to hearings before the BOA.

Finally, DeKalb contended that the substantive standards of § 11-2323 (3) did not apply to requests for height variances. Noting that Article H, § 11-2323 (3) requires that requests for height variances be made to the BOC and not the BOA, and that Article H of the DeKalb County Code is entitled "Board of Appeals," DeKalb argued that the provisions of § 11-2323 (3) applied only to decisions for variances made to the BOA, and that the BOC merely exercised its legislative discretion in determining whether to grant height variances. Emory and DeKalb also contended that Emory had shown the practical difficulty and undue hardship necessary to obtain the variance.

The trial court ruled that Levitas and Fleming had standing; that the procedural and substantive provisions of Article H of the DeKalb County Code apply to requests for height variances made to the BOC; that the hearing on Emory's request violated procedural due process because DeKalb had failed to adopt rules governing hearings on variance requests; that the superior court was limited to a review of the evidence presented to the BOC; that the court should apply a substantial-evidence standard of review in determining whether the evidence presented to the BOC supported its decision; and that there was not substantial evidence to support the BOC's decision.

1. Emory and DeKalb first argue that the trial court erred in applying the substantial-evidence standard of review in determining whether the BOC abused its discretion in granting the variance.[1] Emory and DeKalb contend that the any-evidence standard of review should be applied. The appellees respond that the substantial-evidence standard of review is appropriate and that the standard is somewhat greater than the any-evidence standard. The appellees, as did the trial court, rely on OCGA § 50-13-19 (5) and 3 Ziegler, Rathkopf's Law of Zoning and Planning, § 42.07 [3, 5] (4th ed.).

This Court has never set forth the standard of review to be applied by a superior court in reviewing whether the evidence presented to a local administrative agency or local governing body[2] supports the

---

[1] If, under the appropriate standard of review, the evidence does not support the BOC's decision, that decision would constitute an abuse of discretion and would be subject to reversal. See 3 Ziegler, Rathkopf's Law of Zoning and Planning, § 42.07 [1] (4th ed.).

[2] We have held that in such a review the superior court is bound by the facts presented to the local administrative agency or local governing body. *Dougherty County v. Webb*, 256 Ga. 474, 477, fn. 3 (350 SE2d 457) (1986).

grant or denial of a variance. We now hold that the any-evidence standard is the appropriate standard of review.

As argued by the appellees, 3 Ziegler, supra, § 42.07, states that the appropriate standard of review is whether the decision of the local agency or governing body is supported by substantial evidence. However, we have previously ruled that in Georgia the substantial-evidence standard is effectively the same as the any-evidence standard. In *Dept. of Human Resources v. Montgomery*, 248 Ga. 465, 466 (1) (284 SE2d 263) (1981), we considered whether a superior court erred in its application of a statute that permitted the superior court to overturn a decision of a special master if it was " '(n)ot supported by substantial evidence, which shall mean that the record does not contain such relevant evidence as a reasonable mind might accept as adequate to support said [decision].' " Id. at 465. The superior court reviewed the special master's decision under the any-evidence standard, and we concluded that this was the proper scope of review. Id. at 466 (1).

> The language of [the statute in question] is virtually identical to language from federal cases interpreting the Federal Administrative Procedure Act. In Consolo v. Federal Maritime Comm., 383 U. S. 607 (86 SC 1018, 16 LE2d 131) (1966) the United States Supreme Court, after noting that the Administrative Procedure Act gives a reviewing court the authority to set aside agency findings found to be "unsupported by substantial evidence," defined substantial evidence as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . .' " Id. at 620. The court went on to say that " '(I)t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' " Ibid. In Georgia, the standard used to review the grant or denial of a directed verdict is the "any evidence" test. *Speir v. Williams*, 146 Ga. App. 880 (247 SE2d 549) (1978).

Regarding § 50-13-19 (h) (5), the appellees contend that it sets forth a substantial-evidence standard. The appellees further contend that, as a superior court's review of a state administrative agency's decision under § 50-13-19 is similar to a superior court's review of the grant of a variance, in that both reviews are limited to the record made below, § 50-13-19 (h) (5) is persuasive authority for applying a substantial-evidence standard in the instant case.

Assuming that § 50-13-19 (h) (5) sets forth a substantial-evidence standard and not some form of the clearly-erroneous standard, we

have held § 50-13-19 (h) (5) only permits a superior court to apply an any-evidence standard of review to a state administrative agency's decision.

> Under the Administrative Procedure Act, the administrative agency's findings are judicially reviewable if they are "[c]learly erroneous in view of the reliable, probative, and substantial evidence on the whole record." OCGA § 50-13-19 (h) (5). "This language has been interpreted to preclude review if 'any evidence' on the record substantiates the administrative agency's findings of fact and conclusions of law. *Ga. Dept. of Human Resources v. Holland*, 133 Ga. App. 616 (211 SE2d 635) [1974]." *Flowers v. Ga. Real Estate Comm.*, 141 Ga. App. 105 (1) (232 SE2d 586) (1977). The superior court judge cannot substitute his judgment for that of the department as to the weight of the evidence on questions of fact. [*Ga. Dept., etc. v. Union Timber Corp.*, 258 Ga. 873, 877-878 (6) (375 SE2d 856) (1989).]

Accord *Hall v. Ault*, 240 Ga. 585 (242 SE2d 101) (1978).

Based on the foregoing, we conclude that the any-evidence standard was the appropriate standard of review for the superior court in reviewing the BOC's grant of the variance.

Although we have determined that the superior court erred in its standard of review, we need not remand the case to the trial court for it to apply the any-evidence standard. In cases where a superior court reviews allegations that the grant of a variance is unsupported by the evidence, the superior court is bound by the facts presented to the local governing body or administrative agency, *Dougherty County v. Webb*, 256 Ga. 474, 477, fn. 3 (350 SE2d 457) (1986), and on appeal our duty is not to review whether the record supports the superior court's decision but whether the record supports the initial decision of the local governing body or administrative agency, id. at 477-478 (2); *City of Atlanta v. Wansley Moving &c. Co.*, 245 Ga. 794, 797 (2) (267 SE2d 234) (1980); accord 4 Anderson, American Law of Zoning 3d, § 27.34 (1986) (where lower court's review of local agency or governing body is limited to facts presented to local agency or governing body, the question for appellate court is whether there is evidence to support decision of the local agency or governing body not whether there is evidence to support lower court decision).

2. We now turn to whether the evidence supports the BOC's decision to grant Emory a variance. If the decision of the BOC is supported by any evidence, we must affirm the BOC's decision.[3]

---

[3] We pretermit a decision on DeKalb's argument that the guidelines of § 11-2323 (3) do

Emory and DeKalb argue that Emory demonstrated the grant of a variance was necessary to avoid destroying the rare first-growth forest and to meet the economic and academic needs of the project. The appellees argue that protecting a rare first-growth forest can never justify the grant of a variance, because the ordinance "permits a variance only if practical difficulty or undue hardship results from the unique size, shape, or topography of the land." Moreover, the appellees contend that, even assuming a first-growth forest can justify the grant of a variance, Emory, for various reasons, demonstrated no practical difficulty or undue hardship.

We conclude that the presence of a rare first-growth forest on a piece of property can amount to practical difficulty or undue hardship sufficient to warrant the grant of a variance, and that the BOC did not abuse its discretion in granting the variance in the instant case.

As noted at the beginning of this opinion, § 11-2323 (3) allows a variance

> where by reason of exceptional narrowness, shallowness, or shape of a specific piece of property, . . . or where, by reason of exceptional topographic conditions or other extraordinary or exceptional conditions of a piece of property, the strict application of the development requirements of this chapter would result in practical difficulties to, or undue hardship upon, the owner of this property.

The plain language of the ordinance is broad enough to permit granting a variance based on the existence of a unique first-growth forest, as the existence of such a forest on a piece of property could constitute "[an]other extraordinary or exceptional" condition of the piece of property sufficient to warrant a variance. See *Holmes v. Zoning Bd. of Kennett Township*, 396 A2d 859, 861 (4) (Pa. Commw. Ct. 1978) (destruction of mature pine stand was special condition sufficient to constitute unnecessary hardship); *United Unions v. Bd. of Zoning Adj.*, 554 A2d 313, 317-318 (4) (D. C. App. 1989) (protection of landmark building constituted difficulty or hardship unique to property so as to justify variance).

Moreover, having reviewed the record before the BOC, we conclude there is some evidence to support the conclusion that strict compliance with the five-story development requirement would work

---

not apply to variance requests made to the BOC, because we conclude that, assuming for the sake of argument that the guidelines do apply, the BOC did not abuse its discretion under the guidelines in granting the variance. However, in this regard, see *Crymes v. DeKalb County*, 258 Ga. 30 (364 SE2d 852) (1988), in which we held that the provision of the DeKalb Code controlling the approval of landfill permits by the BOC was unconstitutional in that it contained no guidelines to control the BOC's discretion.

an unnecessary hardship on Emory by, inter alia, requiring it to destroy a significant portion of the first-growth forest. We thus hold that the BOC did not abuse its discretion in granting the variance.

3. We next address Emory's and DeKalb's contention that the trial court erred in concluding that the BOC violated procedural due process by failing to adopt rules and regulations governing the grant of variances.

Emory and DeKalb contend the appellees waived the right to raise the issue of procedural due process in superior court because the appellees failed to raise the issue before the BOC. We agree.

"A constitutional challenge in a zoning context cannot be raised for the first time in superior court." *Lafave v. City of Atlanta*, 258 Ga. 631, 632 (1) (373 SE2d 212) (1988). Regarding the particularity with which such constitutional challenges must be made, we have held that it is only necessary to give the local officials fair notice of the constitutional challenge so as to afford local officials an opportunity to rectify the alleged constitutional deficiency. See *Cobb County Bd. of Commrs. v. Poss*, 257 Ga. 393, 394-397 (1-3) (359 SE2d 900) (1987).

At the hearing before the BOC, the appellees' attorney argued that the due process and equal protection rights of her clients would be violated because the proposed hotel, if built, would "invade the privacy of these homeowners, interfere with their peace and enjoyment of their property, and diminish their property values."

This objection does not constitute a procedural-due-process challenge to the proceedings before the BOC. The appellees thus may not raise the issue on appeal.[4]

4. Emory and DeKalb also argue that the trial court erred in finding appellees Levitas and Fleming had standing to challenge the grant of the variance. However, we find any error in this regard is harmless, because the three appellees other than Levitas and Fleming had standing to challenge the grant of the variance. See generally *Brand v. Wilson*, 252 Ga. 416, 417 (1) (314 SE2d 192) (1984).

5. Our holding in Division 2 of this opinion that the evidence supports the grant of the variance to Emory moots the remaining arguments of Emory and DeKalb.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hunt, J., who dissents as to Divisions 1, 2, 3, and the judgment of reversal; Fletcher, J., who dissents as to Division 1; Weltner, J., not participating.*

---

[4] Because of this disposition, we need not reach DeKalb's argument that the procedural requirements of § 11-2324 do not apply to height variance requests decided by the BOC.

HUNT, Justice, dissenting.
In Division 1 the majority states:

> This Court has never set forth the standard of review to be applied by a superior court in reviewing whether the evidence presented to a local administrative agency or local governing body supports the grant or denial of a variance. We now hold that the any-evidence standard is the appropriate standard of review.

In so concluding, the majority does not say that OCGA § 50-13-19 (h) (5) does not apply. Instead, it says that the standard of review in that statute is the same as the "any-evidence" test. I respectfully disagree with this conclusion for the reasons advanced by former Justice Robert H. Hall in his dissenting opinion in *Hall v. Ault*, 240 Ga. 585, 587 (242 SE2d 101) (1978). I therefore dissent to Divisions 1 and 2 of the opinion. To the extent the cases of *Dept. of Human Resources v. Montgomery*, 248 Ga. 465 (284 SE2d 263) (1981) and *Dept. of Natural Resources v. Union Timber Corp.* 258 Ga. 873 (375 SE2d 856) (1989), referred to and relied upon a comparison of the "any-evidence" rule with a "substantial-evidence" standard, rather than the clearly-erroneous standard set forth in the statute, they may be distinguished.[5] The trial court rejected the commissioners' findings because they were not based on substantial evidence. Under the statutory standard, he was obligated to accept the commissioners' findings unless they were "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." Because it is unclear that the proper standard was employed by the trial court, I would remand to the trial court for reconsideration.

I also dissent to Division 3 because I believe a constitutional challenge was properly raised. (See my concurring opinion in *Shockley v. Fayette County*, 260 Ga. 489 (1), fn. 1 (396 SE2d 883) (1990).) I would address the trial court's ruling that the DeKalb procedures

---

[5] The truth is, rarely does the use of one standard rather than either of the others make any difference. Most agency or lower court decisions which are supported by "any-evidence" are supported by reliable, probative and substantial evidence. Nor, as Justice Hall pointed out, does a review under the clearly-erroneous test amount to weighing the evidence or deciding credibility by the reviewing court. Moreover, permitting a broader scope of review of an agency decision by a superior court than that permitted an appellate court in reviewing a jury verdict has a rational basis. The decision of the jury comes after a consideration of legally admitted evidence and upon the application to that evidence of legal instructions from the trial court, including the definition of preponderance of the evidence and allocation of the burden of proof. And, where a motion for new trial has been employed, the jury's decision has received the approval of the trial court, the thirteenth juror. The decisions of administrative agencies, on the other hand, are not arrived at in this time-honored and time-tested legal manner, and should not enjoy the same level of a presumption of validity.

were unconstitutional.

DECIDED MARCH 11, 1991.

*Peterson, Dillard, Young, Self & Asselin, G. Douglas Dillard, Dick Wilson, Jr., Thomas O. Marshall,* for appellant (case no. S90A1675).

*Albert Sidney Johnson, Patrick F. Henry, Jr., Susan Cole Mullis,* for appellant (case no. S90A1676).

*Jenkins & Eells, Frank E. Jenkins III, Kirk R. Fjelstul,* for appellees.