## S07G1252. PRUITT CORPORATION et al. v. GEORGIA DEPARTMENT OF COMMUNITY HEALTH et al.

(664 SE2d 223)

BENHAM, Justice.

We granted a petition for a writ of certiorari to the Court of Appeals in this appeal from a superior court's review of the decision of an administrative agency because we were concerned about the standard of review employed by the Court of Appeals and the deference it afforded the Georgia Department of Community Health's interpretation of its manual. See *Dept. of Community Health v. Pruitt Corp.*, 284 Ga. App. 888 (645 SE2d 13) (2007).

At the heart of the case is a dispute over the interpretation of the Department of Community Health's Medicaid reimbursement formula for nursing facilities. The Department of Community Health ("DCH") reimburses nursing facilities that participate in the state Medicaid program according to a per diem rate specific to each facility. In order to be reimbursed, the nursing facility must enter into an agreement with DCH, which agreement incorporates by reference DCH's manual on nursing facility policies and procedures. The manual contains the reimbursement formula which is based on the facility's annual cost report. Where, as here, a facility changes ownership with less than six months remaining in the fiscal year (July 1-June 30),[1] the new owner files an initial cost report covering its period of ownership in the fiscal year and, according to the DCH nursing facility manual, the new owner's reimbursement rate is "based on the previous owner's last approved cost report inflated to current costs, as determined by [DCH], or the costs from the new owner's initial cost report, whichever is lower."

Neither the manual nor the agreement into which it is incorporated defines "last approved cost report," and the meaning of that phrase is the crux of this case. Several interpretations have been employed at various stages of this litigation.[2] The Court of Appeals granted DCH's application for discretionary review of the superior court's decision reversing the administrative decision in favor of

---

[1] Appellant Pruitt Corporation acquired a Medicaid-reimbursed nursing facility on May 1, 2002.

[2] DCH interpreted it to mean a cost report that covered a twelve-month period ending at the completion of a fiscal year; an administrative law judge ("ALJ") reversed DCH, finding the language at issue to be ambiguous and construing it against DCH as the drafter of the manual. At the final level of administrative review, the Commissioner of DCH adopted the ALJ's findings of fact and, noting that the issue for decision was what constitutes "the previous owner's last approved cost report," reversed the ALJ on the ground that only an audited cost report was an "approved cost report" and only twelve-month cost reports for a fiscal year could be audited. Pruitt Corporation appealed the final administrative decision to the Superior Court of Fulton County which, after noting that the ALJ's decision "was partially based on well-settled contract law" and that the Commissioner had adopted the ALJ's findings of fact,

DCH, and issued an opinion that resulted in our grant of Pruitt Corporation's petition for a writ of certiorari.

Pointing out that an administrative agency's final decision was entitled to great deference in a judicial review, the Court of Appeals found fault with the superior court's apparent failure to consider whether the record contained any evidence to support the administrative decision, and the superior court's failure to give the proper deference to DCH's interpretation of its own rules. The Court of Appeals reversed the superior court's decision after concluding there was evidence to support the Commissioner's decision and giving judicial deference to the final departmental decision and the department's decisions regarding the interpretation and enforcement of its own rules.[3]

1. The administrative appeal procedure from the determination of the amount of reimbursement payable to a provider of medical assistance is set forth in OCGA § 49-4-153 (b) (2) (A), (B), (D), (c). The latter expressly provides that judicial review of the administrative decision is governed by the same standards as are applicable to contested cases reviewable under OCGA § 50-13-19 of the Administrative Procedure Act.

2. We disagree with the Court of Appeals' holding that judicial deference had to be afforded DCH's interpretation of the phrase "last approved cost report." When an administrative agency decision is the subject of judicial review, judicial deference is to be afforded the agency's interpretation of statutes it is charged with enforcing or administering and the agency's interpretation of rules and regulations it has enacted to fulfill the function given it by the legislative branch. *The Atlanta Journal & Constitution v. Babush*, 257 Ga. 790, 792 (364 SE2d 560) (1988) ("in construing administrative rules, 'the ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the (rule)' "); *Dept. of Community Health v. Gwinnett Hosp.*, 262 Ga. App. 879, 881-882 (586 SE2d 762) (2003); *Hosp. Auth. of Gwinnett County v. State Health Planning Agency*, 211 Ga. App. 407 (2) (438 SE2d 912) (1993). The Court of Appeals gave the deference due a statute, rule or regulation to a term in a departmental manual, the terms of which had not undergone the scrutiny

---

reversed the Commissioner's decision on the ground that it was "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." OCGA § 50-13-19 (h) (5).

[3] The Court of Appeals also found support in the nursing facility manual for DCH's interpretation of "approved" as meaning "audited" as being not unreasonable, and also ruled that the manual left it up to DCH to determine what constitutes the "last approved cost report inflated to current costs" because that phrase was modified in the manual by the phrase "as determined by [DCH]." *Dept. of Community Health v. Pruitt Corp.*, supra, 284 Ga. App. at 892.

afforded a statute during the legislative process or the adoption process through which all rules and regulations must pass. See OCGA § 50-13-4. Inasmuch as the manual was not entitled to judicial deference since it was not a duly-enacted statute, rule or regulation, the Court of Appeals erred in affording judicial deference to DCH's interpretation of the manual's phrase in question. See also *Ga. Dept. of Med. Assistance v. Beverly Enterprises*, 261 Ga. 59 (2) (401 SE2d 499) (1991) (a department publication containing policies and procedures for nursing home services was not a "rule" as that term is defined by the Administrative Procedure Act).

DCH asserts that its decisions on policy, as reflected in its manual, are entitled to judicial deference. We need not decide that issue in this case where the terms of the manual were incorporated into the terms of a contract. A provider of medical assistance which signs with DCH a statement of participation that incorporates by reference DCH's manual of policies and procedures enters into a contractual relationship with DCH. *ABC Home Health Svcs. v. Ga. Dept. of Med. Assistance*, 211 Ga. App. 461, 463 (439 SE2d 696) (1993). A Medicaid provider agreement entered into by a provider of skilled nursing home services and Georgia's state agency charged with administering the Medicaid program "is an arms length business contract. . . ." *Briarcliff Haven v. Dept. of Human Resources*, 403 FSupp. 1355, 1364 (N.D. Ga. 1975). The phrase "last approved cost report" is therefore a contractual provision, and its meaning is determined by application of the rules of contract construction.

3. We also disagree with the Court of Appeals's agreement with DCH's assertion that the final decision of the administrative agency was entitled to affirmance if there was any evidence to support it. *Dept. of Community Health v. Pruitt Corp.*, supra, 284 Ga. App. at 890. Judicial review of an administrative decision requires the court to determine that the findings of fact are supported by "any evidence" and to examine the soundness of the conclusions of law that are based upon the findings of fact. OCGA § 50-13-19 (h). As to the first step, OCGA § 50-13-19 (h) provides that

> [t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact [but] . . . [t]he court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings . . . are: . . . (5) [c]learly erroneous. . . .

"Thus, the statute prevents a de novo determination of the evidentiary questions leaving only a determination of whether the facts found by the [agency] are supported by 'any evidence.' " *Hall v. Ault,*

240 Ga. 585, 586 (242 SE2d 101) (1978).

OCGA § 50-13-19 (h) also sets out the parameters of a court's review of the legal conclusions made in the agency decision. While the judiciary accepts the findings of fact if there is any evidence to support the findings, the court

> may reverse or modify the [agency] decision if substantial rights of the appellant have been prejudiced because the administrative . . . decision[ ] . . . [is]: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law.

OCGA § 50-13-19 (h). Thus, the court is statutorily required to examine the soundness of the conclusions of law drawn from the findings of fact supported by any evidence, and is authorized to reverse or modify the agency decision upon a determination that the agency's application of the law to the facts is erroneous. A determination that the findings of fact are supported by evidence does not end judicial review of an administrative decision.[4]

Because the Court of Appeals applied the wrong legal standard, we vacate its opinion and remand the case to the Court of Appeals for further proceedings consistent with this opinion.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED JULY 11, 2008.

*Arnall, Golden & Gregory, Glenn P. Hendrix, Ashley S. Kelly, Richard E. Gardner III*, for appellants.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Shalen S. Nelson, Senior Assistant Attorney Gen-

---

[4] The statement in *Flowers v. Ga. Real Estate Comm.*, 141 Ga. App. 105 (1) (232 SE2d 586) (1977), and repeated in *Emory Univ. v. Levitas*, 260 Ga. 894, 898 (401 SE2d 691) (1991), that judicial review is "precluded" if any evidence substantiates the agency's findings of fact and conclusions of law is an inaccurate statement of the law and an inaccurate expansion of the statement in *Dept. of Human Resources v. Holland*, 133 Ga. App. 616 (211 SE2d 635) (1974), cited by both *Flowers* and *Emory Univ.* In *Holland,* the appellate court reversed the superior court's reversal of the agency decision because the superior court, instead of determining if there was any evidence supporting the agency's findings of fact, erroneously re-weighed the evidence and substituted its judgment for that of the agency. The *Holland* court's observation that "the record in this case reveals evidence substantiating the findings of fact and conclusions of law upon which the department's decision is based" was correct where the superior court had erroneously ignored the department's findings of fact and re-weighed the evidence. It is not, however, a statement that judicial review is precluded if the findings of fact and conclusions of law are supported by any evidence.

*eral, Michelle Townes, Assistant Attorney General,* for appellees.

*Toliver & Gainer, Alvin L. Toliver, Rogers & Hardin, Robert B. Remar, Donald J. Palmisano, Jr., Robert A. Renjel, Temple Sellers, Sanders & Smith, Janney E. Sanders, Patrick B. Cates, Dillard & Bower, Rebecca R. Crowley, Robert W. Bush, Phyllis J. Holmen, Lisa J. Krisher, Vicky O. Kimbrell,* amici curiae.