## S09A0074. HANDEL v. POWELL.

(670 SE2d 62)

BENHAM, Justice.

Appellant Karen Handel is the Secretary of State of Georgia. On June 9, 2008, the Secretary filed a challenge to the qualifications of James R. Powell, who had filed a declaration of candidacy and affidavit to be a candidate for Georgia Public Service Commission, District 4. OCGA § 21-2-5. The Secretary asserted that candidate Powell did not reside in the district he seeks to represent, leaving for resolution whether the candidate will have resided in the district for twelve months prior to election to that office, as is statutorily required by OCGA § 46-2-1 (b).

While "domicile" and "residence" have different meanings, with "domicile" denoting a permanent place of abode and "residence" not necessarily being permanent (*Avery v. Bower*, 170 Ga. 202 (2) (152 SE 239) (1930) (" 'There must be a concurrence of actual residence and the intention to remain, to acquire a domicile' ")), the residency requirement for a candidate for, or holder of, public office refers to domicile. *Clark v. Hammock*, 228 Ga. 157 (2) (a) (184 SE2d 581) (1971). See also *Dozier v. Baker*, 283 Ga. 543 (1) (661 SE2d 543) (2008). OCGA § 21-2-217 (a) sets out fifteen rules to be followed, so far as they are applicable, in determining the residency of a person desiring to qualify to run for elective office, and OCGA § 21-2-2 (32) defines "residence" as used in Chapter 2 of Title 21, as meaning "domicile."

After conducting an evidentiary hearing, an administrative law judge (ALJ) denied the Secretary's challenge, ruling that the candidate had presented persuasive evidence that, in 2006, he had moved into District 4 with the intent to make it his home. The Secretary then issued a ruling that the candidate resided in Cobb County and was therefore not qualified to run for the District 4 position. An appeal was taken to the Superior Court of Fulton County which reversed the Secretary's decision. The Secretary filed an application for discretionary review which this Court granted, and we have expedited appellate review of this case.[1]

---

[1] Inasmuch as we have expedited the appeal, the Secretary's alternate motion to stay the

At the hearing before the ALJ, the Secretary presented evidence that the candidate purchased property in District 4 in 2006 (Towns County property), owned property outside District 4 (Cobb County property), and enjoyed a homestead exemption on the Cobb County property until May 2008. Asserting that a person's homestead exemption establishes an irrebuttable presumption of legal residence, the Secretary maintained that the candidate's Cobb County homestead exemption established the candidate did not reside in District 4.

The ALJ denied the Secretary's challenge after determining that the court could consider residency evidence other than a homestead exemption and found that the candidate had presented persuasive evidence that he had moved in 2006 to Towns County with the intent to make his home there.[2] With regard to the matter of the homestead exemption, the ALJ found that the candidate twice unsuccessfully attempted to establish homestead in Towns County, with his March 2007 application to transfer his homestead exemption from Cobb County to Towns County having been denied because it was filed after Towns County's annual deadline for such transfers. Guided by the series of statutory rules for determining residency for candidate qualification set out in OCGA § 21-2-217, the ALJ concluded the candidate met the residency requirement.

The matter then went before the Secretary, who determined the candidate was not qualified to be a candidate for Public Service Commission, District 4, because he did not meet the residency requirement. In her final decision, the Secretary reiterated the ALJ's factual findings and, in her conclusions of law, the Secretary stated that the address in which a person has declared a homestead exemption is deemed to be the person's residence address (OCGA § 21-2-217 (a) (14)), and that a homestead is the legal residence and domicile of the applicant for homestead for all purposes. OCGA 48-5-40 (3) (K).

The candidate's appeal of the Secretary's decision to superior court was confined to the record of the proceedings before the ALJ and the Secretary, and was decided by the trial court without a jury. OCGA § 21-2-5 (e). The parties agreed the facts were not in dispute and the issue was one of law. The trial court ruled that the Cobb County homestead exemption, standing alone, was not a basis to

November 4 general election is denied.

[2] The administrative law judge cited evidence that the candidate spends approximately 60% of his time in Towns County, where he attends church, pays taxes, registered two cars, registered to vote, voted three times, owns and operates a boat, obtained a driver's license, and receives some of his mail. The court noted that the candidate's spouse resides at the Cobb County property and is expected to move to Towns County upon her retirement from employment in Atlanta in December 2008.

determine the residency requirement adversely to the candidate, "particularly in light of the undisputed evidence that [the candidate] spent the majority of time in Towns County, was registered to vote and voted in Towns County, paid taxes there, registered his automobiles there, and attended church there." The trial court reversed the Secretary's final decision.

In this Court, the Secretary maintains the trial court erred when it failed to defer to the Secretary's decision because there is evidence in the record supporting the Secretary's decision that the candidate was not a legal resident of Public Service Commission District 4.

OCGA § 21-2-5 (e) provides the standard of review a superior court is to employ when reviewing a decision by the Secretary of State on a challenge to a candidate's qualifications. It is virtually identical to the standard of review provided in the Administrative Procedure Act, OCGA § 50-13-19 (h), in that OCGA § 21-2-5 (e) directs the superior court to

> not substitute its judgment for that of the Secretary of State as to the weight of the evidence on questions of fact. The court may affirm the decision or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the findings, inferences, conclusions, or decisions of the Secretary of State are: (1) In violation of the Constitution or laws of this state; (2) In excess of the statutory authority of the Secretary of State; (3) Made upon unlawful procedures; (4) Affected by other error of law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary and capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

We recently addressed the standard of review set out in OCGA § 49-4-153 (b) (2), itself virtually identical to that provided in the Administrative Procedure Act, in *Pruitt Corp. v. Ga. Dept. of Community Health*, 284 Ga. 158 (664 SE2d 223) (2008). In that case, we pointed out that judicial review of an administrative decision is a two-step process: because the court reviewing an administrative decision must accept the agency's findings of fact if there is any evidence to support the findings, the court must first determine if there is evidence to support the factual findings; the court then "is statutorily required to examine the soundness of the conclusions of law drawn from the findings of fact supported by any evidence." Thus, judicial review of an administrative decision does not end with

the determination that the findings of fact have evidentiary support. Id. at 160.

Inasmuch as the parties acknowledged there was no factual issue, i.e., the facts as found by the Secretary were supported by the record, the superior court limited itself to an examination of the soundness of the Secretary's conclusions of law. The Secretary maintains the superior court was required to give deference to the Secretary's interpretation of OCGA § 21-2-217 since the Secretary is charged with enforcing that statute. See *Pruitt Corp. v. Ga. Dept. of Community Health*, supra, 284 Ga. at 159. While judicial deference is afforded an agency's interpretation of statutes it is charged with enforcing or administering, the agency's interpretation is not binding on the courts, which have the ultimate authority to construe statutes. *McKee v. City of Geneva*, 280 Ga. 411, 413 (627 SE2d 555) (2006). It is the role of the judicial branch to interpret the statutes enacted by the legislative branch and enforced by the executive branch (*Harbuck v. State*, 280 Ga. 775 (3) (631 SE2d 351) (2006)), and administrative rulings will be adopted only when they conform to the meaning which the court deems should properly be given. *Sawnee EMC v. Ga. Public Svc. Commn.*, 273 Ga. 702, 706 (544 SE2d 158) (2001). The judicial branch "make[s] an independent determination as to whether the interpretation of the administrative agency correctly reflects the plain language of the statute and comports with the legislative intent." Id. See also *Plymel v. Teachers Retirement System*, 281 Ga. 409 (4) (c) (637 SE2d 379) (2006); *McKee v. City of Geneva*, supra, 280 Ga. at 413-414.

OCGA § 21-2-5 (e) (1) and (4) make it clear that the superior court may modify or reverse the Secretary's decision on a candidate's qualifications if the court determines that substantial rights of the candidate have been prejudiced because the findings, inferences, conclusions, or decisions of the Secretary of State violate a Georgia law or are affected by other error of law. The superior court determined the Secretary made such an error of law when she concluded that the candidate's homestead exemption on property outside the District was sufficient to determine that the candidate did not reside in the District.[3]

We agree with the superior court that the Secretary committed an error of law that authorizes reversal of the Secretary's decision. The Secretary acknowledged in her decision the existence in OCGA § 21-2-217 of "a set of rules" to be followed in determining residency

---

[3] The Secretary's decision has necessarily prejudiced a substantial right of the candidate since the right to seek election to public office derives from every Georgia citizen's statutory right "to hold office, unless disqualified by the Constitution and laws of this state." OCGA § 1-2-6 (a) (5).

to qualify to run for elective office, but employed only one of the fifteen rules contained in the set, the "homestead exemption" subsection. When the issue is the residence of a person desiring to qualify to run for elective office, OCGA § 21-2-217 (a) directs that the rules contained therein are to be followed "so far as they are applicable." The facts of the case at bar call into consideration at least seven of the fifteen rules: Subsections (1), (2), (3), (4.1), (6), and (9), as well as the homestead exemption rule found in subsection (14),[4] but the Secretary's decision did not take into account any of the applicable rules other than the homestead exemption rule. The Secretary's analysis had the effect of elevating the "homestead exemption" rule of OCGA § 21-2-217 (a) above the remaining rules contained therein, effectively eviscerating their application in any case questioning the qualifications of a candidate for elective office should the candidate own a home on which a homestead exemption is enjoyed. A statute must be construed "to give sensible and

---

[4] OCGA § 21-2-217 (a) provides:

. . .

(1) The residence of any person shall be held to be in that place in which such person's habitation is fixed, without any present intention of removing therefrom;
(2) A person shall not be considered to have lost such person's residence who leave such person's home and goes into another . . . county . . . , for temporary purposes only, with the intention of returning, unless such person shall register to vote or perform other acts indicating a desire to change such person's citizenship and residence;
(3) A person shall not be considered to have gained a residence in any county . . . in this state into which such person has come for temporary purposes only without the intention of making such county . . . such person's permanent place of abode.

. . .

(4.1) If a person removes to another county . . . in this state with the intention of making it such person's residence, such person shall be considered to have lost such person's residence in the former county . . . in this state;

. . .

(6) If a person removes to another county . . . within this state with the intention of remaining there an indefinite time and making such other county . . . such person's place of residence, such person shall be considered to have lost such person's residence in the former county . . . , notwithstanding that such person may intend to return at some indefinite future period;

. . .

(9) The mere intention to acquire a new residence, without the fact of removal, shall avail nothing; neither shall the fact of removal without the intention;

. . .

(14) The specific address in the county . . . in which a person has declared a homestead exemption, if a homestead exemption has been claimed, shall be deemed the person's residence address. . . .

The subsections of OCGA § 21-2-217 (a) inapplicable to this case involve a move to another state (subsections (4) and (5)); residency for voting purposes (subsections (7) and (15)); residency of enrolled students (subsection (8)); residency of armed forces personnel stationed in Georgia (subsection (10)); a move outside of Georgia to engage in government service (subsection (11)); the residency of those adjudicated mentally ill (subsection (12)); and the effect of voting in another state (subsection (13)).

intelligent effect to all [its] provisions and to refrain from any interpretation which renders any part of the statute meaningless.'' (Citation and punctuation omitted.) *R. D. Brown Contractors v. Bd. of Ed. of Columbia County*, 280 Ga. 210, 212 (626 SE2d 471) (2006). Had the General Assembly intended such a preeminent role for the homestead exemption in determining the residence of a person desiring to qualify to run for elective office, it would have so stated in OCGA § 21-2-217 (a).

Inasmuch as the superior court did not err when it reversed the decision of the Secretary, we affirm the judgment of the superior court.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 30, 2008.

*Thurbert E. Baker, Attorney General, Calandra A. Almond, Assistant Attorney General*, for appellant.

*Parks, Chesin & Walbert, A. Lee Parks, Andrew Y. Coffman*, for appellee.

*Michael K. Jablonski*, amicus curiae.