A11A0261. ROBINSON v. THURMOND et al.
(711 SE2d 430)

SMITH, Presiding Judge.
Edell Robinson appeals from a superior court order affirming a decision of the Georgia Department of Labor's Board of Review (the "board") which denied Robinson unemployment benefits.[1] For the reasons set forth below, we reverse.

The record reveals that Robinson was employed as a substitute teacher with the Savannah River Challenge ("the SRC") from June 9, 2008 to October 2, 2009, when she was informed that her position would be eliminated due to budget cuts. The October 5 separation

---

[1] The appellees in this case are the Savannah River Challenge and Michael Thurmond as commissioner of the Georgia Department of Labor.

notice stated: "Part-time employee - Savannah River is no longer using part-time employees to fill teacher vacancies." The SRC offered Robinson full-time employment as an instructor on either the second or third shift at the facility, but Robinson refused the offer and filed for unemployment benefits.

On October 27, 2009, a Georgia Department of Labor claims examiner found that Robinson was eligible for benefits beginning on October 4, 2009 because she was unemployed due to a lack of work. The SRC appealed the award of benefits to an administrative hearing officer. The administrative hearing officer affirmed the claim examiner's determination that Robinson was entitled to benefits, finding that Robinson was not at fault in the separation.

The SRC then appealed the administrative hearing officer's decision to the board. The board reversed the decision of the administrative hearing officer finding that while Robinson's "part-time job was no longer available, the evidence shows [Robinson] left available work when the employer changed her position from part-time substitute teacher during normal school hours to working on a second or third shift in another position full-time." The board concluded that "[Robinson] failed to show this change to be substantial enough to cause the employment available not to be suitable. [Robinson's] failure to remain with available work brought about her separation as a voluntary quit under disqualifying conditions as provided by OCGA § 34-8-194 (2) (A)." Robinson appealed the board's decision to the superior court, and the superior court affirmed the board.[2] We granted Robinson's application for discretionary review.

"Judicial review of an administrative decision requires the court to determine that the findings of fact are supported by 'any evidence' and to examine the soundness of the conclusions of law that are based upon the findings of fact." (Citation omitted.) *Pruitt Corp. v. Ga. Dept. of Community Health*, 284 Ga. 158, 160 (3) (664 SE2d 223) (2008). "When this Court reviews a superior court's order in an administrative proceeding, our duty is not to review whether the record supports the superior court's decision but whether the record supports the final decision of the administrative agency." (Citation and punctuation omitted.) *Davane v. Thurmond*, 300 Ga. App. 474, 475 (685 SE2d 446) (2009).

The SRC argues that Robinson's refusal to accept the full-time position was a "voluntary quit" pursuant to OCGA §§ 34-8-194 (2) (A) (disqualification from benefits where an individual is discharged

---

[2] The parties agree that there is no transcript of the oral argument made before the superior court.

or suspended from work for failure to obey orders, rules or instructions), and 34-8-194 (3) (A) which provides that an individual may also be disqualified for benefits:

> If, after the claimant has filed an otherwise valid claim for benefits, the claimant has failed without good cause either to apply for available, suitable work when so directed by an employment office or the Commissioner or to accept suitable work when offered to the claimant by any employer.

We disagree.

OCGA § 34-8-195 (a) provides that an unemployed individual is eligible to receive benefits when certain conditions have been met, including the condition that "[t]he individual is able to work, is available for work, is actively seeking work, and is bona fide in the labor market." OCGA § 34-8-195 (a) (3) (A). The term "bona fide in the labor market"

> means that any person claiming benefits under this chapter must be available for full-time employment, as that term is generally understood in the trade or work classification involved, without regard to prior work restrictions, *provided that no individual who is otherwise eligible shall be deemed ineligible for benefits solely because the individual seeks, applies for, or accepts only part-time work, instead of full-time work*, provided the individual claiming benefits worked part-time during a majority of the weeks of work in the base period and the individual is available for part-time work for at least 20 hours per week.

(Emphasis supplied.) OCGA § 34-8-24. Therefore, under OCGA § 34-8-24, Robinson's refusal to accept full-time work after having worked only part-time during her employment could not be a basis on which she could be declared ineligible to receive unemployment benefits.[3] The trial court therefore erred in affirming the board's decision to deny Robinson benefits.

*Judgment reversed. Mikell and Dillard, JJ., concur.*

DECIDED JUNE 14, 2011.

---

[3] There is no dispute that Robinson worked part-time during a majority of her weeks of work in the base period.

Katherine E. Hudson, Alex M. Brown, Lisa J. Krisher, for appellant.

Thurbert E. Baker, Attorney General, Kimberly B. Lewis, Assistant Attorney General, Ney, Russell, Hoffecker & Erck, Charles E. Hoffecker, for appellees.