NAHMIAS, Justice,
concurring specially.
Although I believe the majority opinion reaches the right result, I am dubious of its conclusion that the interpretation of the federal Medicaid statute at issue, 42 USC § 1396p, by the United States Department of Health and Human Services, Centers for Medicare and Medicaid Services (CMS), and by the Georgia Department of Community Health (DCH) is entitled to the full measure of judicial deference required by Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U. S. 837 (104 SCt 2778, 81 LE2d 694) (1984). The CMS interpretation is “contained in an opinion letter, not one arrived at after, for example, a formal adjudication or notice-and-comment rulemaking,” and the United States Supreme Court has said that, normally, “[interpretations such as those in opinion letters — like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law — do not warrant Chevron-style deference.” Christensen v. Harris County, 529 U. S. 576, 587 (120 SCt 1655, 146 LE2d 621) (2000). Instead, an interpretation contained in an opinion letter is generally entitled only to so-called Skidmore deference, meaning that the agency’s position is “ ‘entitled to respect’ ” to the extent that it has the “ ‘power to persuade’ ” the reviewing court. Christensen, 529 U. S. at 587 (quoting Skidmore v. Swift & Co., 323 U. S. 134, 140 (65 SCt 161, 89 LE 124) (1944)).
Similarly, the DCH interpretation here is contained not in a formal rule but rather in the department’s Medicaid policy manual, and this Court has held, consistent with the approach taken federally in Christensen, that it is erroneous for a Georgia court to give the full “deference due a [state] statute, rule or regulation to a term in a departmental manual, the terms of which ha[ve] not undergone the scrutiny afforded a statute during the legislative process or the adoption process through which all rules and regulations must pass.” Pruitt Corp. v. Ga. Dept. of Community Health, 284 Ga. 158, 159-160 (664 SE2d 223) (2008). As under federal law, however, under state law an administrative agency’s policy reflected in a manual may still be entitled to some degree of judicial deference. See id. at 160 (reserving this question).
*503 It also should be noted that Congress delegated the authority to interpret the federal Medicaid statute only to the federal Department of Health and Human Services. See 42 USC §§ 1302 (a), 1396a (a) (17). It is therefore clear that the Georgia DCH has no authority to contradict any regulations that CMS promulgates. See Wilder v. Virginia Hosp. Assn., 496 U. S. 498, 502 (110 SCt 2510, 110 LE2d 455) (1990). But it is not clear whether our General Assembly can give DCH the authority to fill silences and resolve ambiguities left by the federal statute and CMS’s formal regulations with interpretations to which state courts must defer, particularly where DCH does so in a manual rather than in a rule adopted after notice and comment. See OCGA § 49-4-142 (a) (saying that “[DCH] is authorized to establish such rules and regulations as may be necessary or desirable in order to execute the state plan and to receive the maximum amount of federal financial participation available in expenditures made pursuant to the state plan; provided, however, the department shall establish reasonable procedures for notice to interested parties and an opportunity to be heard prior to the adoption, amendment, or repeal of any such rule or regulation”). I note on this point that all of the decisions of this Court that the majority opinion cites for the proposition that state courts must give “great weight” to state agency interpretations involved interpretations of state rather than federal statutes. See, e.g., Center for a Sustainable Coast v. Coastal Marshlands Protection Committee, 284 Ga. 735, 742 (670 SE2d 429) (2008). The only case apparently giving such weight to the interpretation of federal law provided in the DCH Medicaid policy manual was decided by our Court of Appeals before this Court decided Pruitt and cited no state or federal administrative law authority whatsoever. See Ga. Dept. of Community Health v. Medders, 292 Ga. App. 439, 442 (664 SE2d 832) (2008).
I see no need to resolve these complex administrative law questions in this case. In my view, the better reading of 42 USC § 1396p — the whole of the statute, including subsection (e) as well as subsections (c) (1) (F) and (G) — accords with the reading expressed by CMS in its opinion letter and by DCH in its manual that an annuity which complies with (c) (1) (F) must also comply with (c) (1) (G) to avoid an asset transfer penalty. To the extent that ordinary statutory construction leaves any doubt, even applying just Skidmoretype deference, I would resolve the doubt in favor of the interpretation provided by these expert agencies administering this highly complex regulatory scheme. See Estate of Landers v. Leavitt, 545 F3d 98, 107 (2d Cir. 2008) (explaining that, “in cases such as those involving Medicare or Medicaid, in which CMS, ‘a highly expert *504 agencyQ administers a large complex regulatory scheme in cooperation with many other institutional actors, the various possible standards for deference’ — namely, Chevron and Skidmore — ‘begin to converge,’ ” and noting “the Supreme Court’s repeated suggestion that [CMS] interpretations, in particular, should receive more respect than the mine-run of agency interpretations” (citations omitted)).
Decided July 11, 2014.
Samuel S. Olens, Attorney General, Dennis R. Dunn, Deputy Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Jason S. Naunas, Michelle Townes, Assistant Attorneys General, for appellants.
J. Kevin Tharpe, for appellee.
For these reasons, I concur in the result reached by the majority opinion, but I do not join all of its reasoning.
I am authorized to state that Justice Blackwell joins in this special concurrence.