A94A1858. DEPARTMENT OF PUBLIC SAFETY v. BELL.
(450 SE2d 320)

Pope, Chief Judge.

Appellee Brandy Lee Bell was arrested on October 1, 1993 for driving under the influence of alcohol in violation of OCGA § 40-6-391. At the time of her arrest, Bell received a Notice of Suspension which stated that her license would be suspended for a period of one year pursuant to OCGA § 40-5-67.1 (d) because of her refusal to take a breath alcohol test. Hearing procedures, outlined on the back of the Notice of Suspension, advised that in order to contest the suspension a written request for a hearing must be received within five calendar days or the right to a hearing would be waived. On November 22, 1993, 52 days after receipt of the notice, Bell requested a hearing on the license suspension. The Georgia Department of Public Safety (DPS) notified Bell that she would not be afforded a hearing on her license suspension because she had failed to make a timely request.

Subsequently the Milledgeville City Court found Bell not guilty of the offense of DUI. Thereafter, on December 21, 1993, she filed a petition in the superior court to have her suspension of license reviewed. The only ground asserted by Bell in support of her contention that the suspension of her license was clearly erroneous was that she had not refused to take the blood alcohol test; rather, she was unable to do so because she was sobbing and upset at the time it was administered.

On February 7, 1994 the superior court entered a final order affirming the decision of the DPS to suspend Bell's license for one year on the basis that she had failed to request a hearing in a timely manner. However, on February 11, 1994 a hearing was held at which time Bell raised two additional grounds for appeal: 1) the legal excuse of a closed head injury which, she contended, rendered her mentally incapable of complying with the statutory provisions regarding a hearing on the license suspension, and 2) alleged improper service of the Notice of Suspension. On February 28, 1994, the superior court issued an

order reversing the suspension and reinstating the license on the foregoing grounds. The superior court further ordered that the DPS must provide Bell with proper notice and a hearing if it wished to again seek suspension.

The DPS appeals the court's order, contending that 1) the court erred in considering proffered evidence concerning the alleged improper service of the Notice of Suspension and Bell's previous medical condition; 2) the court erred in basing its decision on grounds not urged in defendant's original petition for judicial review; and 3) Bell waived her right to a hearing by failing to request it in a timely manner. We agree and reverse.

1. Judicial review of an administrative ruling by the Department of Public Safety is governed by Chapter 13 of Title 50, the Georgia Administrative Procedure Act. OCGA § 50-13-19 (b) provides that proceedings for judicial review are initiated by filing a petition within 30 days of service of the final decision of the agency and *requires* the petitioner to state the ground upon which it is contended that the departmental decision should be reversed or modified. Furthermore, subsection (f) of OCGA § 50-13-19 provides in pertinent part: "If, *before the date set for hearing*, application is made to the court for leave to present additional evidence and it is shown to the satisfaction of the court that additional evidence is material and there were good reasons for failure to present it in the proceedings before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court." (Emphasis supplied.) In this case, Bell filed only one petition, and the only ground raised prior to the hearing for reversal of the license suspension was that Bell did not refuse to take the breath test. Bell neither sought to amend her petition to raise the grounds urged at the hearing nor did she make any prior application to the court to present additional evidence as required by OCGA § 50-13-19 (f).

Moreover, the record clearly establishes that the DPS did not waive the above requirements. DPS specifically objected to the presentation of the additional grounds and proffered evidence, and argued that prior notice of Bell's claims would have allowed it to procure witnesses to refute her contentions. See *Caldwell v. Corbin*, 152 Ga. App. 153 (262 SE2d 516) (1979). The superior court was thus without authority to consider the additional grounds urged by Bell, as well as the proffered evidence in support of these contentions.

2. We agree with the DPS that Bell waived her right to a hearing by failing to request it in a timely manner. Because the reasons for her noncompliance were not brought before the court below in accordance with established procedural requirements as set forth in Division 1, we decline to address the merits of her legal excuse for failure to comply and the alleged defective service of the Notice of Suspen-

sion. The superior court thus erred in reversing the suspension of Bell's license.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 21, 1994.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, J. Philip Ferrero, Assistant Attorney General,* for appellant.

*Shane M. Geeter,* for appellee.