A03A0920, A03A0921. DOUGLAS ASPHALT COMPANY
v. GEORGIA PUBLIC SERVICE COMMISSION; and vice versa.
(589 SE2d 292)

BARNES, Judge.

Douglas Asphalt Company (DAC) appeals the imposition of a
$10,000 fine levied by the Georgia Public Service Commission (PSC)
for cutting a telephone fiber optic cable during a construction project.
The PSC cross-appeals, contending the trial court should have dis-
missed DAC's petition for judicial review for failing to perfect per-
sonal service. For the reasons that follow, we affirm in both cases.

*Case No. A03A0921*

1. We first consider the PSC's argument that the trial court erred
in denying its motion to dismiss DAC's petition for judicial review.
When DAC petitioned the superior court for review of the PSC's final
order, it served the PSC by mail, and the PSC argued unsuccessfully
that it should have been personally served with a summons that
included the superior court case number. The trial court held:

> Service of appeals from an agency or other tribunal is gov-
> erned by OCGA § 5-3-21. That section specifies that "A copy
> of the notice of appeal shall be served on all parties in the
> same manner prescribed by Code Section 5-6-32." Id. OCGA
> § 5-6-32 states, "service of all notices and other papers here-
> under and service of motions for new trial, motions in arrest,
> motions for judgment notwithstanding the verdict, and all
> other similar motions, orders, and proceedings may be made
> by the attorney or party filing the notice or paper, *in person
> or by mail*, and proof thereof shown by acknowledgment of
> the attorney of party served, or by certificate of the attorney,
> party, or other person perfecting service. (emphasis added)."
> OCGA § 5-6-32. Thus personal service is not required and
> service by mail is proper to preserve the jurisdiction of this
> Court.

The PSC argues on appeal that OCGA § 50-13-19 (b) of the Administrative Procedure Act (APA), which addresses judicial review of contested cases, provides that "[c]opies of the petition shall be served upon the agency and all parties of record." Under OCGA § 9-11-4 (e) (7), "service" is made by delivering a copy of the summons and complaint to the defendant personally, and the PSC argues that therefore this petition must be personally served on the PSC.

Neither party has cited case law that directly addresses this issue, and the APA does not specify how "service" is to be perfected on the agency, only that it must be served. While the PSC argues that being served by mail increases its administrative burden because it must then affirmatively discover the petition's superior court case number, in the absence of an express statutory requirement of personal service, we hold that the trial court did not err in denying the motion to dismiss.

### Case No. A03A0920

2. DAC contends that the trial court erred in affirming the PSC's imposition of a $10,000 fine. Neither our review nor the trial court's review of the PSC's decision is de novo. They are reviews made with deference to the factual findings of the agency. The reviewing courts may reject those findings only if they are "[c]learly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or [a]rbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." OCGA § 50-13-19 (h) (5), (6); *Dept. of Community Health &c. v. Gwinnett Hosp. System*, 262 Ga. App. 879, 882-883 (586 SE2d 762) (2003). "[O]ur duty is not to review whether the record supports the superior court's decision but whether the record supports the final decision of the . . . administrative agency." (Citation and punctuation omitted.) *Sawyer v. Reheis*, 213 Ga. App. 727, 729 (1) (445 SE2d 837) (1994). Moreover, the superior courts cannot substitute their judgment for that of the hearing officer as to the weight of the evidence on questions of fact. *Emory Univ. v. Levitas*, 260 Ga. 894, 898 (1) (401 SE2d 691) (1991).

In this case, the PSC found that DAC violated the Georgia Utility Facility Protection Act (GUFPA), OCGA § 25-9-1 et seq. OCGA § 25-9-6 (a) provides that anyone using mechanized equipment to excavate anywhere in the state must give "48 hours' notice by submitting a locate request to the utilities protection center," so the center can identify any buried utility cables in the area. DAC did not submit a locate request, but asserts that it was not required to do so because it was not "excavating." Instead, it was adding fill dirt to a low-lying area, and contends that it never dug into the ground, but that the conduit holding two fiber optic telephone cables had been

lying on top of the ground and were torn when its track hoe was removing debris from the front of a drain pipe.

The telephone company's general manager testified at the PSC hearing that he went to the site after the break and saw evidence that DAC's track hoe had been digging in the area near the cable, and that the conduit and cable had been pulled from beneath the ground. An engineer who worked with the telephone company testified that a track hoe is "a pretty serious piece of excavation machinery." Another engineer testified that he went to the site and saw pieces of conduit in a large hole around the drain pipe, and that a permanent "call before you dig" sign was placed on the easement in which the cable was buried, next to the site. While DAC's crew supervisor testified that the track hoe bucket did not dig into the ground at all while cleaning out in front of the drain pipe, he then admitted that the crew was "scraping" the land.

GUFPA defines "excavating" as "any operation by which the level or grade of land is changed or earth, rock, or other material below existing grade is moved and includes, without limitation, grading, trenching, digging, ditching, augering, *scraping*, directional boring, and pile driving." (Emphasis supplied.) OCGA § 25-9-3 (11). DAC admitted it was "scraping" the land, and that admission as well as the testimony from the telephone company employees constitutes sufficient evidence to support the PSC's conclusion that DAC should have asked the utilities protection center to locate any buried utilities before commencing work on the site.

3. Finally, DAC argues that the PSC erred in imposing a fine because its actions were not "unreasonable," and the statute provides that a penalty should be assessed only if it failed to exercise reasonable care. OCGA § 25-9-13 (g). Based on the foregoing discussion of the evidence, which indicates that the company was, at the very least, scraping the land, we do not find this argument persuasive.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED OCTOBER 22, 2003.

*Vaughn, Wright & Stearns, Frederick L. Wright II*, for appellant.
*Thurbert E. Baker, Attorney General, Isaac Byrd, Robert S. Bomar, Deputy Attorneys General, Harold D. Melton, Sidney R. Barrett, Jr., Senior Assistant Attorneys General, Daniel S. Walsh, Assistant Attorney General*, for appellee.