**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 13, 2020**

# In the Court of Appeals of Georgia

A19A1924.  SCHUMAN  v.  GEORGIA  DEPARTMENT  OF  HUMAN SERVICES.

MCFADDEN, Chief Judge.

The question in this appeal is whether a person seeking judicial review of an agency decision to include his name in the child abuse registry must serve the commissioner of the agency with his petition for judicial review. We hold that the petitioner need not serve the commissioner with the petition. So we reverse the dismissal of this petition for judicial review.

1. *Factual and procedural background.*

Patrick Schuman was arrested after he and his fiancee fought in front of their son and her daughter. The Department of Human Services, Division of Children and Family Services notified Schuman that it intended to include his name in the child

abuse registry pursuant to OCGA § 49-5-183 (a) (2018). Schuman, who was proceeding pro se, initiated administrative review pursuant to OCGA § 49-5-183 (c) (2018). The administrative law judge affirmed the department's decision to include Schuman's name in the registry. Schuman retained counsel, who first filed a motion for rehearing on his behalf, which the administrative law judge denied, and then filed a petition for judicial review in the superior court.

The Department of Human Services forwarded the administrative hearing record to the superior court and filed a special appearance motion to dismiss. The department then asserted that Schuman did not timely file his petition for judicial review, but now concedes that Schuman filed timely. It also asserted that Schuman failed to serve the Department of Human Services in violation of OCGA § 50-13-19 and failed to serve the Commissioner of Human Services in violation of OCGA § 49-2-15 (2018).

The superior court granted the motion to dismiss without specifying a reason. We granted Schuman's application for a discretionary appeal, and this appeal followed.

2. *Service of the Petition for Judicial Review*.

2

Schuman served his petition for judicial review on the special assistant attorneys general who represented the department before the administrative law judge by electronic mail. He also caused the petition and a summons to be served on the Effingham County Department of Family and Children Services. He argues that this was sufficient service on the Department of Human Services and that he was not required to serve the Commissioner of Human Resources. We agree that electronic mail service on the attorneys was sufficient.

(a) *Service upon the Department of Human Services*.

The statute providing for hearings seeking removal from the child abuse registry, OCGA § 49-5-183, sets out the procedure for appeals from a decision of an administrative law judge to a superior court. It provides that such review shall be in accordance with the Georgia Administrative Procedure Act and that those proceedings are to be substantially those set out in that Act at OCGA § 50-13-19.

> Notwithstanding any other provision of law, the decision of the administrative law judge under subsection (e) of this Code section shall constitute the final administrative decision. *The alleged child abuser and the division shall have the right of judicial review of such decision in accordance with Chapter 13 of Title 50, the "Georgia Administrative Procedure Act,"* except that the petition for review shall be filed within 30 days after such decision and shall only be filed with and the decision

3

appealed to the superior court of the county where the hearing took place or, if the hearing was conducted by telephone, the Superior Court of Fulton County. *The procedures for such appeal shall be substantially the same as those for judicial review of contested cases under Code Section 50-13-19* except that service of a petition for judicial review shall stay the listing of the alleged child abuser's name upon the child abuse registry, and the superior court shall conduct the review and render its decision thereon within 30 days following service of the petition. The review and records thereof shall be closed to the public and not subject to public inspection.

OCGA § 49-5-183 (f) (emphasis added).

The cited section of the Administrative Procedure Act provides, in regard to service, "Copies of the petition shall be served upon the agency and all parties of record." OCGA § 50-13-19 (b).

Construing OCGA § 50-13-19 (b), we have held that service by mail is sufficient. *Douglas Asphalt Co. v. Ga. Pub. Svc. Comm.*, 263 Ga. App. 711, 712 (1) (589 SE2d 292) (2003).

As for whether service on the attorneys who represented the department before the administrative law judge was sufficient, we note that, generally, pleadings subsequent to the entry of an initial pleading are served by serving a party's attorney, unless the court orders otherwise. See OCGA §§ 5-6-32 (a) (concerning service in

4

appeals to superior court); OCGA § 5-6-37 (concerning service of notices of appeal to the appellate courts); OCGA § 9-11-5 (b) ("Whenever under this chapter service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the court."); OCGA § 17-1-1 (b) (same in criminal cases).

In the absence of an express statutory requirement of personal service, we hold that Schuman properly served the Department of Human Services with his petition for judicial review by serving the attorneys who had represented the department before the administrative law judge. See *Douglas Asphalt Co.*, supra, at 712 (1). See also *Campaign for a Prosperous Ga. v. Ga. Power Co.*, 174 Ga. App. 263, 265 (1) (329 SE2d 570) (1985) ("The P[ublic] S[ervice] C[ommission] clearly considered service of the petition to have been sufficient to initiate a proceeding for judicial review of its decision because it forwarded the record of the proceeding to the superior court. OCGA § 50-13-19 (e)."). His service of a summons and the petition on the Effingham County Department of Family and Children Services was an unnecessary precaution.

(b) *Service upon the Commissioner of Human Services*.

The department contends that Schuman was also required to comply with the service requirements of OCGA § 49-2-15. That statute is part of the Article creating the Department of Human Services, but it is in a different Chapter from the one containing the Article that creates and regulates the child abuse registry. See OCGA § 49-5-180 et seq.

OCGA § 49-2-15 requires plaintiffs who have brought an action against the department to serve the Commissioner of Human Services with the action by second original process. And it is true that Schuman did not serve the Commissioner of Human Services with a second original process. But OCGA § 49-2-15 is not applicable to this case.

It is not applicable because it is for cases brought against the department, cases in which the department is a party. Here the department is a judicatory, not a party.

OCGA § 49-2-15 provides:

When any action is *brought against* the Department of Human Services, the Board of Human Services, the commissioner of human services, or any employee or agent thereof or when any action is brought in which the department could be held responsible for damages awarded in such action, it shall be the duty of the *plaintiff* to provide for service of notice of the pendency of such action by providing for service of a *second original process*, issued from the court in which the action is filed, upon

6

the commissioner of human services personally or upon a person designated by the commissioner in writing to serve as agent for the acceptance of such service of process. The *service of process* in such action shall not be perfected until such *second original process* has been served as provided in this Code section. The provisions of this Code section shall be cumulative of any other requirements imposed by law for the service of process or notice.

(Emphasis supplied).

OCGA § 49-2-15 imposes a duty upon "the plaintiff." Schuman is not a plaintiff. A plaintiff is "[t]he party who brings a civil suit in a court of law." Black's Law Dictionary (11th ed. 2019). See also *Nguyen v. Durham School Svcs*., 358 FSupp3d 1056, 1062 (4) (C.D. Cal. 2019) ("[T]he plaintiff is the party who initiates the lawsuit."); *In re ASF*, 311 Mich. App. 420, 438 (876 NW2d 253) (2015) ("The 'plaintiff' is the party who commences the action."); *Jaster v. Comet II Const., Inc*., 438 SW3d 556, 565 (II) (B) (1) (Tex. 2014) ("'[T]he plaintiff' is a party who initiates the action or suit[.]").

The party who brings a petition for judicial review is referred to in the Administrative Procedure Act as the "petitioner." OCGA § 50-13-19 (b). See Black's Law Dictionary (11th ed. 2019), defining "petitioner" as "[a] party who presents a petition to a court or other official body, esp. when seeking relief on appeal."

7

It is true that the words "petitioner" and "plaintiff" are sometimes used interchangeably. But they are not synonymous. While all plaintiffs are petitioners, not all petitioners are plaintiffs. Defendants, too, can file petitions for judicial review. See, e.g, *Dept. of Pub. Safety v. Bell*, 215 Ga. App. 301, 302 (450 SE2d 320) (1994) (Department of Public Safety argued that the superior "court erred in basing its decision on grounds not urged in *defendant's original petition for judicial review*[.]") (emphasis added). The statute's use of the word "plaintiff" means something more specific than petitioner. Schuman was a petitioner, but not a plaintiff. OCGA § 50-13-19 (b).

And OCGA § 49-2-15 applies to "action[s] brought against the [d]epartment." Schuman's petition for judicial review is not an "action brought against the [d]epartment." It did not originate in an effort by Schuman to secure an award of damages or any other relief against the department. It is the continuation of the proceeding initiated by the department against him. See *Vlass v. Security Pacific Natl. Bank*, 263 Ga. 296, 296-298 (1) (430 SE2d 732) (1993) (application for confirmation of foreclosure sale is not a complaint that initiates a civil action that requires service of summons). See also *Campaign for a Prosperous Ga.*, 174 Ga. App. at 264-265 ("[I]t is important to note that we do not deal with the initiation of a lawsuit and that

the provisions of the Civil Practice Act therefore have no application. The function of the reviewing court under the APA is appellate, a function not contemplated by the Civil Practice Act. Thus, filing a petition for judicial review pursuant to the APA is more nearly analogous to filing a notice of appeal. Accordingly, cases involving appellate rather than trial procedure constitute applicable authority.") (citation omitted); *Pennsylvania Ins. Guar. Assn. v. Sikes*, 590 So2d 1051, 1052 (Fla. Dist. Ct. App. 1991) ("An appeal is not a new action; it is a continuation of the original proceeding.").

Nor is the department a defendant. It is a judicatory. "[A]dministrative agencies may make quasi-judicial decisions in the course of implementing statutory law." *Ga. Dept. of Human Svcs. v. Steiner*, 303 Ga. 890, 904 (V) (815 SE2d 883) (2018). When agencies "make factual determinations and thus adjudicate, . . . they are . . . considered to be acting in a quasi-judicial capacity." Id. When a hearing is conducted by the Office of State Administrative Hearings, the administrative law judge exercises "the powers of the ultimate decision maker in the agency[.]" OCGA § 50-13-41 (b). In cases like the one before us "the alleged abuser has the right to request a hearing before an ALJ, who makes the final agency decision after hearing evidence and

argument from the alleged abuser and from DFCS. OCGA § 49-5-183 (d)." *Steiner*, 303 Ga. at 905 (V).

The phrase "service of process" generally denotes an element of the commencement of an action. See OCGA § 9-11-4; see also Bryan A. Garner, A Dictionary of Modern Legal Usage, 698 (2d ed. 1995) (identifying as a "special legal sense" of "process," "the summons by which a person is cited to appear in court <service of process>").

And moreover the "second original process" referenced in OCGA § 49-2-15 is the one set out at OCGA § 9-10-72 for "defendants [who] reside outside the county where the action is filed." Section 9-10-72 relates to service at the commencement of actions. See OCGA §§ 9-10-70 - 9-10-73.

Finally we note that the department's position is at least in tension with the "Notice of Final Decision" from the Georgia Office of State Administrative Hearings attached to the administrative law judge's final decision. That notice outlined the procedure for filing a petition for judicial review. It provided that: "A party who seeks judicial review must file a petition in the appropriate court within 10 days after the Final Decision. OCGA §§ 49-5-183 (f), 50-13-19 (b), -20.1. *Copies of the petition for judicial review must be served simultaneously upon the referring agency and all*

10

*parties of record.*" (Emphasis supplied). So even though the notice referred to OCGA § 49-5-183 (f), the provision concerning petitions for judicial review of child abuse registry decisions, it did not state that the petition had to be served upon the Commissioner of Human Services.

We hold therefore that OCGA § 49-2-15 does not apply to an alleged abuser's petition for judicial review of an administrative law judge's affirmance of the Department of Human Services' decision to include his name in the child abuse registry. Cf. Ga. Comp. R. & Regs. r. 290-7-1-.19 (in child support enforcement actions, "[t]he petition for judicial review must be served personally on the Commissioner in accordance with OCGA § 49-2-15, or service shall be deemed defective and the petition for judicial review may be subject to dismissal by the court.").

So we reverse the superior court's dismissal of Schuman's petition for judicial review. We do not reach Schuman's other claims of error.

*Judgment reversed. Senior Appellate Judge Herbert E. Phipps concurs and McMillian, P. J. dissents. ***

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY.  COURT OF APPEALS RULE 33.2(a).**

A19A1924. SCHUMAN v. GEORGIA DEPARTMENT OF HUMAN SERVICES.

McMILLIAN, Presiding Judge, dissenting.

Because I believe that the trial court properly dismissed Schuman's petition for judicial review due to the failure to serve the petition on the Department of Human Services as required by statute, I must respectfully dissent.

As correctly set out by the majority, OCGA § 49-5-183 (f) provides for the right of judicial review of a final administrative decision to list a person on the child abuse registry. That statute also provides that "[t]he procedures for such appeal shall be substantially the same as those for judicial review of contested cases under Code Section 50-13-19" with certain exceptions not relevant to this appeal. The majority also correctly concludes that under OCGA § 50-13-19 (b), the petition for judicial review must be served on the agency and all parties of record. That statute, however,

does not provide for *how* service is to be made on the agency, and that is where I differ from the majority.

Citing OCGA §§ 5-6-32 (a), 5-6-37 and 9-11-5 (b), the majority finds that serving a copy of the petition for judicial review electronically upon the Special Assistant Attorney General and the Associate Special Assistant Attorney General, who had represented the Department of Family and Children Services ("DFACS") during the administrative proceedings, was sufficient to satisfy the service requirement of OCGA § 50-13-19 (b), because pleadings after the initial pleading are generally served on the other party's attorney. While that is generally true, in *Douglas Asphalt Co. v. Ga. Pub. Svc. Comm.*, 263 Ga. App. 711, 712 (1) (589 SE2d 292) (2003), we held that under the Administrative Procedures Act, service under § 50-13-19 (b) can be accomplished by mail unless there is a statutory requirement of personal service.

There is such a requirement here. OCGA § 49-2-15 provides:

When any action is brought against the Department of Human Services, . . . or any action is brought in which the department could be held responsible for damages awarded in such action, it shall be the duty of the plaintiff to provide for service of notice of the pendency of such action by providing for service of a second original process, . . . upon the commissioner of human services personally or upon a person

2

designated by the commissioner in writing to serve as agent for the acceptance of such service of process. . . .

The majority, however, does not believe that OCGA § 49-2-15 applies because this is not a new "action" and the "petitioner" who files a petition for judicial review is not a "plaintiff" as that term is used in OCGA § 49-2-15. But I disagree with both of those conclusions.

First, the majority is incorrect that the petition for judicial review is not considered an "action brought against the department" under OCGA § 49-2-15 because it is a continuation of the proceeding initiated by the department against Schuman. To put these issues in proper context, it is important to understand the statutory scheme governing the child abuse registry, which was enacted in 2015. Under OCGA § 49-5-181 (a),[1] "[t]he division shall establish and maintain a central child abuse registry which . . . shall receive notice regarding substantiated cases [of child abuse] reported to the division pursuant to OCGA § 49-5-182." "Division" is defined in OCGA § 49-5-180 (6) to "mean[] the Department of Family and Children Services ["DFACS"] of the department," and "department" means the Department of Human Services. OCGA § 49-1-1. Once the appropriate DFACS office receives an

---

[1] The 2018 version of OCGA § 49-5-180 et seq. applies here.

investigator's report of a substantiated case, it is required to include the name of the alleged child abuser in the child abuse registry, and "[s]hall mail to such alleged child abuser . . . a *notice* regarding the substantiated case via certified mail, return receipt requested[,]" with a rebuttable presumption that the notice has been received if the return receipt indicating delivery is returned to the division. (Emphasis supplied.) OCGA § 49-5-183 (a) (2). This notice must inform the alleged child abuser of his or her right to a hearing as well as the procedures to obtain a hearing. Id. To exercise his or her right to a hearing, the alleged child abuser must file a written request with DFACS within ten days after receipt of the notice, OCGA § 49-5-183 (c), and once DFACS receives the request, it must transmit the request to the Office of State Administrative Hearings within ten days. OCGA § 49-5-183 (d).

Subsection (d) requires the Office of State Administrative Hearings to conduct a hearing within thirty days of a request for a hearing, and the Administrative Hearings Office must give notice by first-class mail to the alleged child abuser and to DFACS ten days prior to the hearing. OCGA § 49-5-183 (d). Following the hearing, if the administrative law judge finds that the determination that the child abuser committed the offense is not supported by a preponderance of evidence, his or her name must be removed from the registry. OCGA § 49-5-183 (e). The decision

4

of the administrative law judge constitutes the final administrative decision, OCGA § 49-5-183 (f), and "[a]ny party shall have the right of judicial review of such decision in accordance with Chapter 13 of Title 50," subject to several exceptions not at issue here.

Here, the administrative law judge affirmed DFACS' decision to include Schuman's name on the child abuse registry. A Notice of Final Decision setting out the procedure for filing a petition for judicial review accompanied the Final Decision, and this Notice contained a specific reference to OCGA § 50-13-19 (b) and specifically set out the requirement in subsection (b) that "[c]opies of the petition shall be served upon the agency and all parties of record." Under OCGA § 49-5-183 (f), the petition must be filed in the superior court of the county where the hearing took place, or if the hearing was conducted by telephone, the Superior Court of Fulton County.

Thus, it is clear that during the administrative part of the proceedings, the participants send notices or file requests, but neither the alleged child abuser nor DFACS is required to file any sort of complaint, pleading, or petition. Further, while some of these notices or requests must be sent by certified mail or filed, there is no service requirement imposed on either party during the administrative review stage

5

of the process. See OCGA § 49-5-183 (a) - (d). And it is the accused child abuser – not DFACS – who initiates the administrative review process by requesting a hearing. DFACS simply forwards the request to the Office of State Administrative Hearings. See OCGA § 49-5-183 (d). While the majority is not wrong that filing a petition for judicial review may be in some respects more akin to filing an appeal than the initiation of a lawsuit, see *Campaign for a Prosperous Ga. v. Ga. Power Co.*, 174 Ga. App. 263, 264-65 (1) (329 SE2d 570) (1985), it differs in the fundamental aspect that, unlike proceedings that start in the courts, it marks the initiation, not the continuation, of the judicial process and perhaps more importantly, the first time that service has been required of either party. Thus, I would find that the petition for judicial review is an action brought against DHS as set out in OCGA § 49-2-15.

I also disagree with the majority's conclusion that OCGA § 49-2-15 does not apply because the statute imposes the service requirement on a "plaintiff," and Schuman is a petitioner and not a plaintiff. Although the majority relies on the definition of plaintiff contained in the current, 11th edition, version of Black's Law Dictionary, at the time the statute was enacted in 1989, Black's contained a different, broader definition of plaintiff: "A person who brings an action[.]" Black's Law

6

Dictionary (5th ed. 1979).[2] Thus, plaintiff simply refers to the person who is bringing *any* type of action against the Department, not just those initiated by complaints. Further, our courts routinely and interchangeably use the words "plaintiff" or "petitioner"[3] to refer to someone who has filed a petition, and we have done so in the context of petitions for judicial review under OCGA § 50-13-19.[4] See also William C. Burton, Legal Thesaurus 385 (Deluxe Ed. 1980) (listing petitioner as a synonym for plaintiff).

Because Schuman's petition for judicial review is an action brought against the Department of Human Services and Schuman, as plaintiff, failed to provide for

---

[2] The Sixth Edition of Black's was published in 1991 and contains the same definition of plaintiff. Black's Law Dictionary (6th ed. 1991).

[3] Petitioner is defined in the Fifth Edition of Black's as "One who presents a petition to a court, officer, or legislative body." Black's Law Dictionary (5th ed. 1979).

[4] See *Walker v. Dept. of Transp.*, 279 Ga. App. 287, 288 (630 SE2d 878) (2006) ("plaintiffs petitioned the local superior court for judicial review"); see also *Ga. Dept. of Human Svcs. v. Addison*, 304 Ga. 425, 431 (3) (819 SE2d 20) (2018) (alleged child abusers who filed a *petition* for declaratory judgment are referred to as "plaintiffs" throughout the opinion); *Lathrop v. Deal*, 301 Ga. 408 (1) (801 SE2d 867) (2017) (referring to parties that filed a petition for declaratory judgment as "plaintiff-physicians"); *C. E. Morgan Bldg. Products, Inc. v. Safe-Lite Mfg., Inc.,* 244 Ga. 475 (260 SE2d 870) (1979) (referring to *plaintiff's petition* for writ of possession).

7

personal service on the Commissioner of Human Services, I would affirm the dismissal of Schuman's petition for judicial review.