**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 30, 2020**

# In the Court of Appeals of Georgia

A20A1006. DESSALINES v. DEPARTMENT OF HUMAN DO-036 SERVICES.

DOYLE, Presiding Judge.

In 2018, the Division of Family and Children Services of the Department of Human Services ("the Division") included Germany Dessalines's name on Georgia's Child Protective Services Information System ("the child abuse registry").[1] After an administrative law judge ("ALJ") affirmed the Division's action, Dessalines filed a petition for judicial review in the superior court. Dessalines now appeals from the dismissal of her petition on the ground that she failed to serve the Division, contending that the superior court erred (1) by requiring personal service on the chairman of the county board of commissioners, (2) by ignoring her electronic

---

[1] See generally OCGA § 49-5-183.

service, and (3) by not allowing her additional attempts at personal service after a single non est return of service. For the reasons that follow, we reverse.

"When reviewing a ruling on a motion to dismiss for insufficient service, a trial court's ruling will be upheld on appeal absent a showing of an abuse of discretion. And when an appeal from the denial of a motion to dismiss presents a question of law, we review the trial court's decision de novo."[2]

The relevant record is undisputed. The Division notified Dessalines that it received a substantiated report of child abuse warranting that her name be placed on the child abuse registry. The report was based on an allegation that Dessalines refused to allow the Division to assess or aid her 17-year-old autistic child after an incident at school in September 2018. In accordance with OCGA § 49-5-183 (f), Dessalines appealed the child abuse determination to an ALJ, who held an evidentiary hearing. On January 28, 2019, the ALJ entered an order affirming the Division's child abuse determination and ordering that Dessalines's name be included on the child abuse registry pursuant to OCGA § 49-5-183.

---

[2] (Punctuation omitted.) *Henderson v. James*, 350 Ga. App. 361 (829 SE2d 429) (2019).

On February 26, 2019, Dessalines filed a petition for judicial review in the Superior Court of Gwinnett County. She attached a certificate of service stating that she had served the attorney for the Division (the private attorney from the ALJ proceeding who was serving as an associate special assistant attorney general for the Division — "SAAG") and the Clerk of the Office of State Administrative Hearings by depositing a copy of the petition in the U. S. Mail and by electronic service. The electronic service consisted of an email stating the docket number and notifying the recipient of statutory electronic service of the following attached documents: case initiation form, summons, petition for judicial review, and certificate of service. The next day, February 27, 2019, the SAAG replied by email that she had received the email.

On March 15, 2019, the SAAG filed a response to the petition and a motion to dismiss, asserting that although she had received an emailed copy of the petition, she was not authorized to accept service on behalf of the Division. The motion to dismiss further stated that personal service was required but had not been achieved.

On April 11, 2019, Dessalines filed a sheriff's entry of service showing "non est" for an attempt to personally serve Gerlda Hines on April 1, noting: "Wrong commissioner as Defendant unable to accept service per A. Johnson (Executive

3

Assistant).” On April 15, Dessalines filed a brief responding to the motion to dismiss, pointing out her attempts at service and arguing that personal service is not required by law.

On May 21, 2019, the superior court held a hearing on the motion to dismiss and on May 29 entered an order granting the motion on the grounds that personal service was required under OCGA § 9-11-4 (e) (5), and electronic service was not consented to until after the petition for review was filed. This Court granted Dessalines's application for discretionary review, and she now appeals.

1. Dessalines contends that the superior court erred by ruling that personal service was required. We agree.

The procedural context in this case began with a report of child abuse. When the Division receives a substantiated report from an investigator, the alleged abuser's name may be included in the child abuse registry established under OCGA § 49-5-181. The alleged abuser is entitled to a hearing before an ALJ, and after the ALJ's decision, either party may appeal to the superior court under OCGA § 49-5-183 (f). That Code section provides in part:

> The alleged child abuser and the division shall have the right of judicial
> review of such decision in accordance with Chapter 13 of Title 50, the

4

"Georgia Administrative Procedure Act," ("APA") except that the petition for review shall be filed within 30 days after such decision and shall only be filed with and the decision appealed to the superior court of the county where the hearing took place or, if the hearing was conducted by telephone, the Superior Court of Fulton County. *The procedures for such appeal shall be substantially the same as those for judicial review of contested cases under Code Section 50-13-19* except that service of a petition for judicial review shall stay the listing of the alleged child abuser's name upon the child abuse registry, and the superior court shall conduct the review and render its decision thereon within 30 days following service of the petition.[3]

Thus, we look to OCGA § 50-13-19 to determine the proper procedure and service requirements for judicial review of the child abuse registry decision.

This Court recently issued a decision, *Schuman v. Dept. of Human Svcs.*,[4] addressing this question on facts very similar to those here. In *Schuman*, the alleged abuser

> served his petition for judicial review on the special assistant attorneys general who represented the department before the administrative law judge by electronic mail. He also caused the petition and a summons to be served on the Effingham County Department of Family and Children

---

[3] (Emphasis supplied.)

[4] 354 Ga. App. 509 (841 SE2d 218) (2020) (physical precedent only).

Services. He argue[d] that this was sufficient service on the Department of Human Services and that he was not required to serve the Commissioner of Human Resources. [A two-judge majority held] that electronic mail service on the attorneys was sufficient.[5]

Here, as in *Schuman*, the record reflects that Dessalines's attorney served by U. S. Mail and electronic mail the SAAG who had represented the Division before the ALJ, and the next day the Division's attorney replied to the email that she had received it. The APA does not address the method of service, but as explained in *Schuman*, when "[c]onstruing OCGA § 50-13-19 (b), we have held that service by mail [as opposed to personal service] is sufficient,"[6] so the additional step of personal service on the Commissioner of Human Services was not required.[7] Further, in this

_____

[5] Id. at 510 (2).

[6] Id. at 511 (2) (a), citing *Douglas Asphalt Co. v. Ga. Public Svc. Comm.*, 263 Ga. App. 711, 712 (1) (589 SE2d 292) (2003) ("[T]he APA does not specify how 'service' is to be perfected on the agency, only that it must be served. While the PSC argues that being served by mail increases its administrative burden because it must then affirmatively discover the petition's superior court case number, in the absence of an express statutory requirement of personal service, we hold that the trial court did not err in denying the motion to dismiss.").

[7] See *Schuman*, 354 Ga. App. at 511 (2) (a). ("As for whether service on the attorneys who represented the department before the administrative law judge was sufficient, we note that, generally, pleadings subsequent to the entry of an initial pleading are served by serving a party's attorney, unless the court orders otherwise."), citing OCGA § 5-6-32 (a) (concerning service in appeals to superior court); OCGA

6

case, the superior court's adoption of the CPA's personal service requirement in

OCGA § 9-11-4 (e) (5)[8] ignores the fact that, in the present context, "[t]he function

of the reviewing court under the APA is appellate, a function not contemplated by the

[CPA]."[9]

We note that *Schuman* is only physical precedent because it was issued with

a dissent thoroughly explaining why personal service on the Division should be

---

§ 5-6-37 (concerning service of notices of appeal to the appellate courts); OCGA § 9-11-5 (b) ("Whenever under this chapter service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the court."); OCGA § 17-1-1 (b) (same in criminal cases).

[8] OCGA § 9-11-4 (e) (5) provides in part: "Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows: . . . (5) If against a county, municipality, city, or town, to the chairman of the board of commissioners, president of the council of trustees, mayor or city manager of the city, or to an agent authorized by appointment to receive service of process. If against any other public body or organization subject to an action, to the chief executive officer or clerk thereof."

[9] *Campaign for a Prosperous Ga. v. Ga. Power Co.*, 174 Ga. App. 263, 264-265 (329 SE2d 570) (1985).

required pursuant to OCGA § 49-2-15.[10] That Code section, which is in a separate chapter from the chapter on the Child Abuse Registry, provides:

> When any action is brought against the Department of Human Services, the Board of Human Services, the commissioner of human services, or any employee or agent thereof or when any action is brought in which the department could be held responsible for damages awarded in such action, it shall be the duty of the plaintiff to provide for service of notice of the pendency of such action by providing for service of a second original process, issued from the court in which the action is filed, upon the commissioner of human services personally or upon a person designated by the commissioner in writing to serve as agent for the acceptance of such service of process. The service of process in such action shall not be perfected until such second original process has been served as provided in this Code section. The provisions of this Code section shall be cumulative of any other requirements imposed by law for the service of process or notice.

Like the majority in *Shuman*, we conclude that this provision does not control petitions for judicial review under OCGA § 49-5-183, which are akin to appeals, not

---

[10] See Court of Appeals Rule 33.2 (a) (2) ("Prior to August 1, 2020: If an appeal was decided by a division of this Court, a published opinion in which all three panel judges fully concur is binding precedent. An opinion is physical precedent only (citable as persuasive, but not binding, authority), however, with respect to any portion of the published opinion in which any of the panel judges concur in the judgment only, concur specially without a statement of agreement with all that is said in the majority opinion, or dissent.").

8

original "actions."[11] Given that OCGA § 49-5-183 (f) explicitly provides that "[t]he procedures for such appeal shall be substantially the same as those for judicial review of contested cases" under the APA, as opposed to "actions" under the CPA, we agree with the majority's holding in *Shuman*. Accordingly, we hold that the superior court erred by dismissing Dessalines's petition for lack of service.

2. Dessalines's remaining enumerations are moot.

*Judgment reversed. McFadden, C. J., and Hodges, J., concur.*

---

[11] See *Schuman*, 354 Ga. App. at 513-514 (2) (b) ("The phrase 'service of process' generally denotes an element of the commencement of an action . . . [a]nd . . . the 'second original process' referenced in OCGA § 49-2-15 is the one set out at OCGA § 9-10-72 for defendants who reside outside the county where the action is filed. Section 9-10-72 relates to service at the commencement of actions.") (citations and punctuation omitted).